UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOHN LANGERT,  :
                                                                         :
              Plaintiff,  :
                                                                         :    <u>ECF CASE</u>
              v.  :
                                                                         :    08 Civ. 4405 (DLC) (DF)
AMY TOCCO, M.D., et al,  :
                                                                         :
              Defendants.  :
------------------------------------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT OF FEDERAL DEFENDANTS'
MOTION TO SUBSTITUTE THE UNITED STATES AS DEFENDANT AND TO
DISMISS THE COMPLAINT AS AGAINST THE UNITED STATES**


                                                                                                 MICHAEL J. GARCIA
                                                                                                 United States Attorney for the
                                                                                                 Southern District of New York
                                                                                                  Attorney for Federal Defendants
                                                                                                  86 Chambers Street
                                                                                                  New York, NY 10007
                                                                                                  Tel.: (212) 637-2729
                                                                                                  Fax: (212) 637-2717
                                                                                                  E-mail: emily.daughtry@usdoj.gov

EMILY E. DAUGHTRY
Special Assistant United States Attorney
– Of Counsel –

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.     Plaintiff's Allegations in the Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.    The Federal Defendants Were Employees of the United States At All Times Relevant to the Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    III.   The Federal Defendants Were Acting Within the Scope of Their Employment . . 4

    IV.   Removal to Federal Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    V.    Plaintiff Failed to File an Administrative Tort Claim Prior to Commencing This Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.     The United States Should Be Substituted as a Party Defendant . . . . . . . . . . . . . 5

    II.    The Claims Against the United States Should Be Dismissed for Lack of Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        A.    Plaintiff Bears the Burden of Proving Subject Matter Jurisdiction . . . . . . 8

        B.    This Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims Against the United States Because Plaintiff Failed to Exhaust Administrative Remedies Prior to Commencing This Action . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Defendants Hudson River HealthCare, Inc. ("Hudson HealthCare"), Amy Tocco, M.D. ("Tocco"), and David Walker, M.D. ("Walker") (collectively, "the federal defendants"), by and through their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to substitute the United States of America ("the United States") as defendant in place of the federal defendants and to dismiss the complaint as against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

Plaintiff John Langert commenced this medical malpractice action on or about November 9, 2007, filing a Verified Complaint ("Complaint") against the federal defendants and various other named defendants[1] in the Supreme Court of the State of New York, County of Dutchess. Pursuant to the Public Health Service Act, 42 U.S.C. § 201 et seq., Hudson HealthCare, a community health center in Amenia, New York, and those physicians providing health services there, were deemed employees of the United States, effective July 1, 1994 (the "deeming date"), for the purposes of tort actions seeking damages for injuries allegedly resulting from the provision of medical-related services. Tocco and Walker were physicians providing health services at Hudson HealthCare, and therefore employees of the United States, at all times relevant to the Complaint. Michael J. Garcia, the United States Attorney for the Southern District of New York, has certified pursuant to 42 U.S.C. § 233, 28 U.S.C. § 2679(d), and 28 C.F.R. §15.4, that Hudson HealthCare, Tocco, and Walker were acting within the scope of their federal employment at the

---

[1] The other named defendants are Vassar Brothers Hospital, Francine Hope Brooks, M.D., Jayesh R. Modi, M.D., Dutchess Surgical Associates, P.C., and "John Doe," M.D. and "Jane Doe," M.D., a/k/a "Service MD, On Call." They have not been deemed Public Health Service employees pursuant to 42 U.S.C. § 233(g) and therefore are not parties to this motion.

relevant times alleged in the Complaint.

The United States should be substituted as defendant in place of the federal defendants. Plaintiff alleges that the federal defendants committed negligent acts and omissions between March 5, 2005, and June 10, 2006, a time period which falls after the deeming date. Under section 224(a) of the Public Health Service Act, 42 U.S.C. § 233(a), the exclusive remedy with respect to these claims is an action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (the "FTCA"). In addition, under section 224(c) of the Public Health Service Act, 42 U.S.C. § 233(c), "[u]pon certification...that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed . . . and the proceeding deemed a tort action brought against the United States." The United States Attorney has made this certification. Thus, the United States should be substituted for the federal defendants as the proper defendant in this case.

Upon substitution of the United States for the federal defendants, the Court should dismiss the complaint as against the United States for lack of subject matter jurisdiction. As a condition of the waiver of the sovereign immunity of the United States, the FTCA requires tort claimants to exhaust administrative remedies by first presenting an administrative claim to the appropriate federal agency, and then waiting either until that claim has been finally denied or, if the agency fails to dispose of the claim within six months, six months after the claim has been filed, before commencing an action in federal court. In this case, Plaintiff failed to exhaust his administrative remedies before commencing the instant action, belatedly filing an administrative claim with the United States Department of Health and Human Services ("HHS") twenty-five days after filing a

complaint against the federal defendants. Accordingly, all claims against the United States should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**FACTUAL BACKGROUND**

**I.      Plaintiff's Allegations in the Complaint**

On or about November 9, 2007, Plaintiff filed a Verified Complaint (the "Complaint") in the Supreme Court of the State of New York, County of Dutchess, against the federal defendants. See Declaration of Emily E. Daughtry, dated May 14, 2008 ("Daughtry Decl."), Ex. A. The Complaint alleges that, between March 5, 2005, and June 10, 2006, the federal defendants negligently examined, diagnosed, treated or advised Plaintiff, including by "failing to appreciate the significance of plaintiff's diabetes mellitus and morbid obesity" which allegedly "contribut[ed] [to] the complications suffered by Plaintiff." See Compl. ¶¶ 50-55. Plaintiff alleges that these wrongful acts and omissions caused Plaintiff "to suffer permanent personal injuries, disfigurement, pain, suffering, mental anguish, loss of the enjoyment of loss [*sic*], incur past and future medical and hospital expenses, economic, pecuniary damages, impairment of future earning capacity and disruption of every day living activities." Id. at ¶ 56. Plaintiff seeks damages "in an amount that exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction" for his claims. Id. at ¶¶ 58.

**II.     The Federal Defendants Were Employees of the United States At All Times Relevant to the Complaint**

Pursuant to the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 233(g)-(n), Hudson HealthCare, and physicians providing health services at Hudson HealthCare, were deemed to be employees of the United States Government, effective July 1, 1994, for purposes of civil actions seeking damages for

personal injury resulting from the performance of medical and related functions at approved delivery sites.  See 42 U.S.C. § 233(a), (g) and (h); Declaration of Meredith Torres, dated December 20, 2007, ("Torres Decl.") ¶ 4.  Federal defendants Tocco and Walker were physicians employed at Hudson HealthCare at all times relevant to the Complaint.  Id. at ¶ 6.  Accordingly, the federal defendants were employees of the United States at all times relevant to the Complaint.

**III.    The Federal Defendants Were Acting Within the Scope of Their Employment**

On May 2, 2008, United States Attorney Michael J. Garcia certified, pursuant to 42 U.S.C. § 233, 28 U.S.C. § 2679(d), and 28 C.F.R. § 15.4, that the federal defendants were acting within the scope of their federal employment at the time of the alleged incidents giving rise to this action.  See Certification of Michael J. Garcia ("Garcia Certification"), Daughtry Decl., Ex. B.

**IV.    Removal to Federal Court**

On May 9, 2008, this action was removed to federal court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2).  See Daughtry Decl., Ex. C.

**V.    Plaintiff Failed to File an Administrative Tort Claim Prior to Commencing This Action**

Plaintiff failed to file an administrative claim with HHS prior to commencing this action in state court, instead filing an administrative claim on December 4, 2007, nearly one month after commencing this action.  See Torres Decl. ¶¶ 3.  HHS has not yet finally disposed of Plaintiff's administrative claim.

**ARGUMENT**

**I.      The United States Should Be Substituted as a Party Defendant**

As a preliminary matter, the United States should be substituted for the federal defendants with respect to the tort claims alleged in the complaint. Section 224(g) of the Public Health Service Act, 42 U.S.C. § 233(g), provides that eligible community health centers and their employees are employees of the Public Health Service for certain purposes. The Secretary of HHS deems a community health center a Public Health Center after the center has qualified for certain federal assistance, see Public Health Service Act § 224(g)(1)(D)-(G), 42 U.S.C. § 233(g)(1)(D)-(G).

The law is clear that the United States must replace any named employee of the Public Health Service as defendant in certain tort claims, including those seeking damages for injuries allegedly resulting from the provision of medical-related services. Under section 224(a) of the Public Health Service Act, 42 U.S.C. § 233(a), the FTCA is "the exclusive remedy for specified actions against members of the Public Health Service." Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000). Section 224(a) expressly provides:

> The remedy against the United States provided by [the FTCA] . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

Public Health Service Act, 42 U.S.C. § 233(a) (emphasis added). This provision of the Public Health Service Act, by providing a remedy against the United States under the FTCA, "allow[s]

recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, . . . immunize[s] such employees and agents from liability for negligent or wrongful acts done in the scope of their employment." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 80 (2d Cir. 2005).  Section 224(a) of the Public Health Service Act, 42 U.S.C. § 233(a), thus protects "employees of the Public Health Service from being subject to suit while performing medical and similar functions."  Cuoco, 222 F.3d at 108.  Once "a tort action is brought against a federally funded public health center [or its employee]    . . . for conduct within the scope of its federal employment, the Attorney General (or . . . one of his designees) may certify that the health center [or its employee] was indeed acting as a federal employee at the time of the incident," Celestine, 403 F.3d at 80.  "Upon certification, the action may then be removed to federal court."  Id.  "Once such a case is removed, the United States can replace the named defendant as the allegedly liable party – and the case proceeds as a FTCA suit."  Id.

Here, the Secretary of HHS deemed Hudson HealthCare and its employees to be Public Health Service employees for purposes of the Public Health Service Act and thus federal employees for the purposes of the FTCA, effective July 1, 1994.  See Torres Decl. ¶ 4.  Pursuant to section 224(c) of the Public Health Service Act, 42 U.S.C. § 233(c), 28 U.S.C. § 2679 (d), and 28 C.F.R. § 15.4,[2] Michael J. Garcia, United States Attorney for the Southern District of New York, has certified that the federal defendants were acting within the scope of their federal

---

[2]   28 C.F.R. § 15.4(a) provides:

> The United States Attorney for the district where the civil action or proceeding is brought … is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.

employment at the time of the incidents alleged in the complaint.  See Garcia Certification, Daughtry Decl., Ex. B.

The United States Attorney's certification provides the "basis for the substitution of the United States as a defendant and for the resultant immunization of the federal employee." McHugh v. Univ. of Vt., 966 F.2d 67, 72 (2d Cir. 1992); see Public Health Service Act § 224(c), 42 U.S.C. § 233(c) ("Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose . . . the proceeding [shall be] deemed a tort action brought against the United States."); Public Health Service Act § 224(a), 42 U.S.C. § 233(a) ("The remedy against the United States provided by [the FTCA] . . . shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.").  Plaintiff's claims against the federal defendants should thus be dismissed, and the United States should be substituted as defendant.  Cf. Celestine, 403 F.3d at 80-82.

**II.     The Claims Against the United States Should Be Dismissed for Lack of Subject Matter Jurisdiction**

Once the United States is substituted for the federal defendants, this Court should dismiss the FTCA action against the United States under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies with HHS prior to commencing this action.  See McNeil v. United States, 508 U.S. 106, 113 (1993); Celestine 403 F.3d at 82.

### A.   Plaintiff Bears the Burden of Proving Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the [Court] lacks the statutory or constitutional power to adjudicate it." Luckett v. Bure, 290 F.3d 493, 496 (2nd Cir. 2002) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)).  Upon an objection to a plaintiff's jurisdictional pleading, the Court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff.  See Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000).  However, a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction over his claims exists.  Luckett, 209 F.3d at 497.

### B.   This Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims Against the United States Because Plaintiff Failed to Exhaust Administrative Remedies Prior to Commencing This Action

"The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal district court.  This requirement is jurisdictional and cannot be waived." Celestine, 403 F.3d at 82 (citing McNeil, 508 U.S. at 113 and Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994)).  The exhaustion requirement is found in 28 U.S.C. § 2675(a), which states, "An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency. . . .The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for the purposes of this section." 28 U.S.C. § 2675(a); see Celestine, 403 F.3d at 82; see also 28 U.S.C. § 2401(b).

The FTCA provides a limited waiver of the United States' sovereign immunity and

8

compliance with the FTCA's administrative exhaustion requirement is a pre-condition of that limited waiver, see Celestine, 403 F.3d at 80, 82-83. Thus, "[u]nless a plaintiff complies with the [exhaustion] requirement, a district court lacks subject matter jurisdiction over a plaintiff's FTCA claim." Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999). This jurisdictional requirement "extends to all suits, including those begun in state court." Celestine, 403 F.3d at 82.

"The burden is on the plaintiff to both plead and prove compliance with the statutory requirements," and "[i]n the absence of such compliance, a district court has no subject matter jurisdiction over the plaintiff's claim." In re Agent Orange Prod. Litig., 818 F.2d 210, 214 (2d Cir. 1987). Here, Plaintiff's complaint does not allege that Plaintiff exhausted his administrative remedies with respect to the federal defendants' alleged negligence. See Daughtry Decl., Ex. A. Thus, Plaintiff does not plead compliance with the statutory requirements of the FTCA. Nor could Plaintiff have pled or proved compliance – at the time he filed the complaint, Plaintiff had not yet filed an administrative claim with HHS, the appropriate federal agency in this case. See Torres Decl. ¶¶ 2-3. Instead, Plaintiff filed an administrative claim twenty-five days *after* filing a complaint in the instant action. See Torres Decl. ¶¶ 2-3. However, the Supreme Court has made abundantly clear that the FTCA requires "complete exhaustion of Executive remedies *before* invocation of the judicial process." McNeil, 508 U.S. at 112 (emphasis added). Following McNeil, numerous courts have held that "dismissal is appropriate where a plaintiff fails to exhaust administrative remedies prior to filing suit, even where such remedies are exhausted after the suit was filed and before substantial progress is made in the litigation." Delgado v. Our Lady of Mercy Medical Center et al., No. 06 Civ 5261 (BSJ), 2007 WL 2994446, at * 4 (S.D.N.Y. Oct. 12, 2007) (dismissing claim for lack of subject matter jurisdiction based on

failure to exhaust where plaintiff filed administrative claim with HHS after commencing FTCA suit against federally-funded medical center).  Accord, e.g., Williams v. United States, No. 02 Civ. 6523 (HBP), 2004 WL 906221, at *3-4 (S.D.N.Y. April 28, 2004) (dismissing claim for lack of subject matter jurisdiction based on failure to exhaust where plaintiff filed suit fourteen days after filing administrative claim but four months before claim was finally denied),  Nin v. Liao et al., No. 02 Civ.8308 (JCF), 2003 WL 21018816, at *4-5 (S.D.N.Y. May 5, 2003) (dismissing claim for lack of subject matter jurisdiction based on failure to exhaust where plaintiff filed administrative claim after commencing suit), Dolan v. U.S. Army et al., No. 98 Civ. 5110 (JGK), 1999 WL 199012, at * 3 (S.D.N.Y. April 9, 1999)(dismissing claim for lack of subject matter jurisdiction based on failure to exhaust where plaintiff filed administrative claim on the same day he filed suit).

Accordingly, as Plaintiff failed to exhaust administrative remedies prior to commencing his action against the federal defendants, his claims against the United States must be dismissed for lack of subject matter jurisdiction.  See Celestine, 403 F.3d at 84; see also McNeil, 508 U.S. at 113.

## **CONCLUSION**

For the reasons stated above, the Court should (I) substitute the United States as defendant in place of the federal defendants, and, upon substitution, (ii) dismiss the complaint as against the United States pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Dated:       New York, New York
             May 14, 2008

        Respectfully submitted,

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for the Federal Defendants

By:    /s/ Emily E. Daughtry
        EMILY E. DAUGHTRY
        Special Assistant United States Attorney
        86 Chambers Street
        New York, New York 10007
        Telephone:  (212) 637-1579
        Facsimile:  (212) 637-2717
        E-mail: emily.daughtry@usdoj.gov