MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: EMILY E. DAUGHTRY
Special Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1579
Fax: (212) 637-2717
E-mail: emily.daughtry@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

JOHN LANGERT,

Plaintiff,

v.

AMY TOCCO, M.D., et al.

Defendants.

-----------------------------------------------------------x

ECF CASE

08 Civ. 4405 (DLC) (DF)

**DECLARATION OF EMILY E. DAUGHTRY**

EMILY E. DAUGHTRY, pursuant to 28 U.S.C. § 1746, declares the following under penalty of perjury:

1. I am a Special Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for the Southern District of New York, attorney for defendants Hudson River HealthCare, Inc., Amy Tocco, M.D., and David Walker, M.D. ("the federal defendants"), in the above-referenced action. I have been assigned to defend this matter, and am familiar with the proceedings herein. I make this declaration in support of the federal defendants' Motion to Substitute the United States as Defendant and to Dismiss the Complaint as Against the United States.

2. Attached hereto as Exhibit A is a true and correct copy of the Verified

Summons and Complaint filed in the Supreme Court of the State of New York, County of Dutchess, on or about November 9, 2007, in John Langert v. Amy Tocco, M.D., et al. , Index No. 7682-07.

3. Attached hereto as Exhibit B is a true and correct copy of the Certification of Michael J. Garcia, United States Attorney for the Southern District of New York, dated May 2, 2008, certifying that defendants Amy Tocco, M.D., David Walker, M.D., and the Hudson River HealthCenter, Inc. were acting within the scope of their federal employment for the purposes of plaintiff's claims against them.

4. Attached hereto as Exhibit C is a true and correct copy of the federal defendants' Notice of Removal, filed with this Court on May 9, 2008.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
May 14, 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Federal Defendants

By: /s/ Emily E. Daughtry
EMILY E. DAUGHTRY
Special Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-1579
Fax: (212) 637-2717
E-mail: emily.daughtry@usdoj.gov

SUPREME COURT OF THE STATE OF N[illegible]W YORK
COUNTY OF DUTCHESS

..............................................................................x

JOHN LANGERT,

Index No.: 7682/2007

Plaintiff,

**SUMMONS**

Filed:

Against

AMY TOCCO, M.D., DAVID WALKER, [illegible],
HUDSON RIVER HEALTHCARE, INC., a/[illegible]
COMMUNITY HEALTH, VASSAR
BROTHERS HOSPITAL, FRANCINE HO[illegible]
BROOKS, M.D., "JOHN DOE", M.D. and
"JANE DOE", M.D., a/k/a "SERVICE MD. [illegible] CALL,"
JAYESH R. MODI, M.D. and DUTCHESS SURGICAL
ASSOCIATES, P.C.,

Defendants.

..............................................................................x

To the above named defendant(s):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of servi[illegible] [illegible] within 30 days after the service is complete if this summons is not personally d[illegible]livered to you within the State of New York and in case of your failure to appear or answer judgment will be taken by default for the relief demanded in the complaint.

Plaintiff designates Dutchess County as the p[illegible]e of trial. The basis of venue is plaintiff's residence, 20 Parmalee Road, Wi[illegible]dale, New York 12594.

LAW F[illegible]M OF JONATHAN C. REITER

Jonatha[illegible] [illegible] Reiter, Esq.
Attorne[illegible] [illegible]r Plaintiff
350 Fi[illegible] Avenue, Suite 2811
New Yor[illegible] New York 10118
(212) 7[illegible]979

This fax was received by GFI FAXmaker fax se[illegible] For more information, visit: http://www.gfi.com

Defendants' address(es):

Amy Tocco, M.D.
3360 Route 343
Amenia, New York 12501

David Walker, M.D.
3360 Route 343
Amenia, New York 12501

HUDSON RIVER HEALTHCARE INC.
a/k/a COMMUNITY HEALTH
1037 Main Street
Peekskill, New York 10566

VASSAR BROTHERS HOSPITAL
45 Reade Place
Poughkeepsie, New York 12601

FRANCINE HOPE BROOKS, M.D.
45 Reade Place
Poughkeepsie, New York 12601

"JOHN DOE" or "JANE DOE"
a/k/a SERVICE MD. ON CALL
45 Reade Place
Poughkeepsie, New York 12601

JAYESH R. MODI, M.D.
1 Columbia Street, Suite 301
Poughkeepsie, New York 12601

DUTCHESS SURGICAL ASSOCIATES, P.C
1 Columbia Street, Suite 301
Poughkeepsie, New York 12601

This fax was received by GFI FAXmaker fax ser... for more information, visit: http://www.gfi.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

JOHN LANGERT,

Plaintiff,

7682/2007

VERIFIED COMPLAINT

-against-

AMY TOCCO, M.D., DAVID WALKER, M.D., HUDSON RIVER HEALTHCARE, INC., a/k/a COMMUNITY HEALTH, VASSAR BROTHERS HOSPITAL, FRANCINE HOPE BROOKS, M.D., "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," JAYESH R. MODI, M.D., and DUTCHESS SURGICAL ASSOCIATES, P.C.,

Defendants.

Plaintiff, JOHN LANGERT, by his attorney, the LAW FIRM OF JONATHAN C. REITER, complaining of the defendants, AMY TOCCO, M.D., DAVID WALKER, M.D., HUDSON RIVER HEALTHCARE, INC., a/k/a COMMUNITY HEALTH, VASSAR BROTHERS HOSPITAL, FRANCINE HOPE BROOKS, M.D., "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," JAYESH R. MODI, M.D. and DUTCHESS SURGICAL ASSOCIATES, P.C., respectfully alleges as follows:

GENERAL ALLEGATIONS

1. Plaintiff, JOHN LANGERT, was and is a resident of Dutchess County, State of New York.

2. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, AMY TOCCO, M.D., was a physician licensed to practice in the State of New York, maintaining her office for the practice of medicine at 3360 Rt. 343 Amenia, New York 12501.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

3. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, DAVID WALKER, M.D., was a physic n licensed to practice in the State of New York, maintaining his office for the practice of m cine at 3360 Rt. 343 Amenia, New York 12501.

4. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, HUDSON RIVER HEALTHCARE, , a/k/a COMMUNITY HEALTH, was and still is a domestic not-for-profit corporation, dul rganized and existing under and pursuant to the laws of the State of New York, having a princ al place of business at 3360 Rt. 343 Amenia, New York 12501.

5. At all times hereinafter mentioned a d at the time of the occurrences herein, the Defendant, VASSAR BROTHERS HOSPITAL, was a domestic not-for-profit hospital duly organized and existing under the laws of the St of New York, located at 45 Reade Place, Poughkeepsie, New York 12601.

6. Defendant, VASSAR BROTHERS SPITAL, was a partnership, unincorporated association or other entity, organized and exist under the laws of the State of New York, having its principal place of business at 45 Re Place, Poughkeepsie, New York 12601.

7. At all times hereinafter mentioned at the time of the occurrences herein, and upon information and belief, the Defendant, FRAN INE HOPE BROOKS, M.D., was a physician licensed to practice in the State of New York, maintaining her office for the practice of medicine at 45 Reade Place, Poughkeepsie, New York 1 01.

8. At all times hereinafter mentioned d at the time of the occurrences herein, and upon information and belief, the defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

"SERVICE MD, ON CALL," was a physician licensed to practice medicine in the State of New York, maintaining his/her office at 45 Reade Place, Poughkeepsie, New York 12601.

9. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, JAYESH R. MODI, M.D., was a physician licensed to practice in the State of New York, maintaining his office for the practice of medicine at 1 Columbia Street, Suite 301, Poughkeepsie, New York 12601.

10. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, DUTCHESS SURGICAL ASSOCIATES, P.C., was and still is a domestic professional corporation, duly organized and existing under and pursuant to the laws of the State of New York, having a principal place of business at 1 Columbia Street, Suite 301, Poughkeepsie, New York 12601.

11. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, AMY TOCCO, M.D., was a shareholder, director, agent, servant and/or employee of the defendant, HUDSON RIVER HEALTHCARE, INC.

12. At all times hereinafter mentioned and at the time of the occurrences herein, and upon information and belief, the defendant, AMY TOCCO, M.D. held herself out to the public as a primary care physician qualified and capable of rendering medical diagnosis, treatment and care with the skill and knowledge required of physicians in the community.

13. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, DAVID WALKER, M.D., was a shareholder, director, agent, servant and/or employee of the defendant, HUDSON RIVER HEALTHCARE, INC.

14. At all times hereinafter mentioned and at the time of the occurrences herein, and upon information and belief, the defendant, DAVID WALKER, M.D. held himself out to the public as

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

a primary care physician specializing in family practice qualified and capable of rendering medical diagnosis, treatment and care with the sk[illegible] and knowledge required of physicians in the community.

15. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, HUDSON RIVER HEALTHCARE, Inc., held itself out to the public as a health care provider, qualified and capable of rendering medical services with the skill and knowledge possessed by and required of physicians and specialists in family practice in the community.

16. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, VASSAR BROTHERS HOSPITAL, held itself out to the public as a hospital qualified and capable of rendering medical, surgical, nursing, radiological, laboratory and other services with the skill and knowledge possessed by and required of hospitals in the community.

17. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, FRANCINE HOPE BROOKS, M.D., was a shareholder, director, agent, servant and/or employee of the defendant, VASSAR BROTHERS HOSPITAL.

18. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, FRANCINE HOPE BROOKS, M.D. held herself out to the public as a physician and specialist in emergency medicine and internal medicine qualified and capable of rendering medical diagnosis, treatment, care with the skill and knowledge required of physicians in the community.

19. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," M.D., was a shareholder, director, agent, servant and/or employee of the defendant, VASSAR BROTHERS HOSPITAL.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

20. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD. ON CALL," held himself/herself out to the public as a physician and specialist in emergency medicine and internal medicine qualified and capable of rendering medical diagnosis, treatment, care with the skill and knowledge required of physicians in the community.

21. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, JAYESH R. MODI, M.D., was a shareholder, director, agent, servant and/or employee of the defendant, DUTCHESS SURGICAL ASSOCIATES, P.C.

22. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, JAYESH R. MODI, M.D. held himself out to the public as a physician and specialist in general and vascular surgery qualified and capable of rendering medical and surgical diagnosis, treatment, care and surgery with the skill and knowledge required of physicians and surgeons in the community.

23. At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, DUTCHESS SURGICAL ASSOCIATES, P.C. held itself out to the public as a health care provider, qualified and capable of rendering medical and surgical services specializing in general and vascular surgery with the skill and knowledge possessed by and required of physicians and surgical specialists in the community.

24. That in rendering medical diagnosis, treatment, advice care and services to the plaintiff, the defendant, AMY TOCCO, M.D., was acting on her own behalf and as an officer, agent, servant and/or employee of defendant, HUDSON RIVER HEALTHCARE, Inc., acting within the course and scope of her employment and/or agency.

25. That in rendering medical diagnosis, treatment, advice care and services to the plaintiff, the defendant, DAVID WALKER, M.D., was acting on his own behalf and as an officer, agent, servant and/or employee of defendant, HUDSON RIVER HEALTHCARE, Inc., acting within the course and scope of his employment and/or agency.

26. That in rendering medical diagnosis, treatment, advice care and services to the plaintiff, the defendant, FRANCINE HOPE BROOKS, M.D., was acting on her own behalf and as an agent, servant and/or employee, express and/or implied in law, of the defendant, VASSAR BROTHERS HOSPITAL, acting within the course and scope of her employment and/or agency.

27. That the defendant, FRANCINE HOPE BROOKS, M.D., upon information and belief, was the "SERVICE, M.D., ON CALL", on March 12, 2006 at the defendant, VASSAR BROTHERS HOSPITAL.

28. That in rendering medical diagnosis, treatment, advice care and services to the plaintiff, the defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," M.D., was acting on his/ her own behalf and as an agent, servant and/or employee, express and/or implied in law, of the defendant, VASSAR BROTHERS HOSPITAL, acting within the course and scope of his/ her employment and/or agency.

29. That in rendering medical diagnosis, treatment, advice care and services to the plaintiff, the defendant, JAYESH R. MODI, M.D., was acting on his own behalf and as an agent, servant and/or employee of defendant, DUTCHESS SURGICAL ASSOCIATES, P.C., acting within the course and scope of his employment and/or agency, and as an agent, servant and/or employee, express and/or implied in law, of the defendant, VASSAR BROTHERS HOSPITAL, acting within the course and scope of his employment and/or agency.

30. That on or about March 5, 2005, the defendant, AMY TOCCO, M.D. undertook to render certain medical services, diagnosis, treatment, advice and care to the plaintiff, JOHN LANGERT, at defendant, HUDSON RIVER HEALTHCARE, INC.

31. That defendant, AMY TOCCO, M.D., diagnosed and rendered treatment to the plaintiff, JOHN LANGERT, for diabetes mellitus, among other conditions during the time that the plaintiff was her patient. That the plaintiff continued under the care and treatment of the defendant, AMY TOCCO, M.D., at various times and intervals up to and including March 10, 2006 and until June 6, 2006.

32. That plaintiff, JOHN LANGERT, sought treatment at defendant, HUDSON RIVER HEALTHCARE, INC., on March 10, 2006 for a medical condition involving his left buttock area.

33. Upon information and belief, defendant, DAVID WALKER, M.D., and other staff members at defendant, HUDSON RIVER HEALTHCARE, INC., examined the plaintiff, JOHN LANGERT, on March 10, 2006.

34. Upon information and belief, on March 10, 2006, plaintiff, JOHN LANGERT, presented to defendant, HUDSON RIVER HEALTHCARE, INC., with a condition that was diagnosed and described as a gluteal cyst with worsening pain, erythema and with areas of purulent drainage.

35. That on or about March 12, 2006, the plaintiff, JOHN LANGERT, presented himself to the emergency room of the defendant, VASSAR BROTHERS HOSPITAL, with signs, symptoms and complaints documented by defendant as a large abscess on his buttock area with localized erythema.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

36. Upon information and belief, at that time and place, the plaintiff, JOHN LANGERT, was seen, examined and consultation done by defendant, FRANCINE HOPE BROOKS, M.D., and staff members of defendant, VASSAR BROTHERS HOSPITAL.

37. The plaintiff, JOHN LANGERT, was discharged to home.

38. That defendant, FRANCINE HOPE BROOKS, M.D., upon information and belief, rendered a consultation in connection with the care and treatment of the plaintiff, JOHN LANGERT, on March 12, 2006 at defendant, VASSAR BROTHERS HOSPITAL.

39. That thereafter, on or about March 14, 2006, the plaintiff, JOHN LANGERT, presented again to the defendant, VASSAR BROTHERS HOSPITAL, with signs, symptoms and complaints documented by defendant of a large abscess on his buttock area with localized erythema.

40. Defendant, JAYESH R. MODI, M.D., performed an incision and drainage of the abscess at defendant, VASSAR BROTHERS HOSPITAL, on March 14, 2006.

41. The plaintiff, JOHN LANGERT, was discharged to home.

42. That on March 17, 2006, the plaintiff, JOHN LANGERT, presented himself again to the defendant, VASSAR BROTHERS HOSPITAL, with continued worsening pain and symptoms following the incision and drainage performed on March 14, 2006 by defendant, JAYESH R. MODI, M.D.

43. That the plaintiff, JOHN LANGERT was admitted to defendant, VASSAR BROTHERS HOSPITAL, on March 17, 2006 by defendant, JAYESH R. MODI, M.D. due to extensive and progressive infections, including Fournier gangrene and necrotizing fascitis in the perineum and genital area of the plaintiff.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

44. That during the plaintiff, JOHN LANGERT's, admission to defendant, VASSAR BROTHERS HOSPITAL, from March 17, 2006 to April 11, 2006, upon information and belief, JAYESH R. MODI, M.D., was plaintiff's attending physician, primarily responsible for plaintiff, JOHN LANGERT's, diagnosis, care and treatment.

45. That during plaintiff, JOHN LANGERT's, admission to defendant, VASSAR BROTHERS HOSPITAL, the defendant, JAYESH R. MODI, M.D., rendered certain medical examinations, diagnosis, treatment, advice, care and services to the plaintiff, JOHN LANGERT.

46. That during plaintiff, JOHN LANGERT's, admission to defendant, VASSAR BROTHERS HOSPITAL, said defendant undertook to supply physicians, nurses, technicians and other staff personnel for the diagnosis, care and treatment of the plaintiff, JOHN LANGERT.

AS AND FOR A FIRST CAUSE OF ACTION

47. Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs and though fully set forth at length herein.

48. Defendant, AMY TOCCO, M.D., did not adequately monitor, control or manage the plaintiff's, JOHN LANGERT, diabetes mellitus which made the plaintiff, JOHN LANGERT, more susceptible and at greater risk to develop infections, including Fournier gangrene and necrotizing fascitis.

49. That the medical examinations, diagnosis, treatment, care and services rendered by the defendants, AMY TOCCO, M.D., DAVID WALKER, M.D. and HUDSON RIVER HEALTHCARE, INC., and each of them, their agents, servants and employees, to the plaintiff, JOHN LANGERT, were rendered in a negligent manner, not within acceptable and good medical practice or the standard of care.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com


50. Defendant, AMY TOCCO, M.D., her agents, servants and employees, were negligent, careless and departed from accepted standards of medical practice, in failing to properly diagnose the condition that plaintiff, JOHN LANGERT, was then and there suffering from; in failing and omitting to use and employ the skill, care and diligence commonly and ordinarily possessed by doctors in the community; in that she failed to properly examine, treat, care and advise regarding the condition from which the plaintiff was suffering; in ignoring the plaintiff's complaints, signs and symptoms; in failing to perform competent and thorough examinations; in failing to take an adequate history; in failing to recognize the significance of the plaintiff's medical history; in failing to perform necessary tests and studies; in ignoring and misinterpreting signs and symptoms; in failing to appreciate the significance of plaintiff's diabetes mellitus and morbid obesity; in negligently causing delay in plaintiff's care and treatment; in negligently causing and contributing to the complications suffered by the plaintiff including pulmonary collapse, respiratory failure and septic shock; in negligently prolonging the recovery of the plaintiff; in ignoring and disregarding the findings of other physicians and health care providers regarding the plaintiff; in permitting the plaintiff's condition to worsen; in causing a significant delay in diagnosis and treatment of plaintiff; in failing to treat the plaintiff in a timely manner; in failing to order and/or perform tests in a timely manner; in negligently causing trauma to the plaintiff; in causing the plaintiff to require further and additional surgical procedures and treatment including a tracheostomy, a diverting colostomy with a subsequent colostomy reversal; in failing to competently interpret examination results, tests and studies; in failing to timely make an accurate diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to obtain necessary, further and appropriate consultations with specialists; in failing to refer the plaintiff for further and additional testing and studies; in prescribing contra-indicated

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

medications and in failing to prescribe appropriate medications in proper dosages; in negligently causing additional and aggravated pain, suffering, emotional distress and mental suffering; failing to order radiological studies, including x-rays, CT scan, MRIs or ultrasounds; in failing to order appropriate laboratory tests and studies; in failing to admit the plaintiff to a hospital; in failing to advise the plaintiff of the nature and risks of his condition and in causing and permitting the infection to spread and progress and become worse.

51. That the negligence and malpractice of the defendant, AMY TOCCO, M.D., was a substantial factor and a proximate cause of the plaintiff's injuries.

52. Defendant, DAVID WALKER, M.D., his agents, servants and employees, were negligent, careless and departed from accepted standards of medical practice, in failing to properly diagnose the condition that plaintiff was then and there suffering from; in failing and omitting to use and employ the skill, care and diligence commonly and ordinarily possessed by doctors in the community; in that he failed to properly examine, treat, care and advise regarding the condition from which the plaintiff was suffering; in ignoring the plaintiff's complaints, signs and symptoms; in failing to perform competent and thorough examinations; in failing to take an adequate history; in failing to recognize the significance of the plaintiff's medical history; in failing to perform necessary tests and studies; in ignoring and misinterpreting signs and symptoms; in failing to appreciate the significance of plaintiff's diabetes mellitus and morbid obesity; in negligently causing delay in plaintiff's care and treatment; in negligently causing and contributing to the complications suffered by the plaintiff including pulmonary collapse, respiratory failure and septic shock; in negligently prolonging the recovery of the plaintiff; in ignoring and disregarding the findings of other physicians and health care providers regarding the plaintiff; in permitting the plaintiff's condition to worsen; in causing a significant delay in

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

diagnosis and treatment of plaintiff; in failing to treat the plaintiff in a timely manner; in failing to order and/or perform tests in a timely manner; in negligently causing trauma to the plaintiff; in causing the plaintiff to require further and additional surgical procedures and treatment including a tracheostomy, a diverting colostomy with a subsequent colostomy reversal; in failing to competently interpret examination results, tests and studies; in failing to timely make an accurate diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to obtain necessary, further and appropriate consultations with specialists; in failing to refer the plaintiff for further and additional testing and studies; in prescribing contra-indicated medications and in failing to prescribe appropriate medications in proper dosages; in negligently causing additional and aggravated pain, suffering, emotional distress and mental suffering; failing to order radiological studies, including x-rays, CT scan, MRIs or ultrasounds; in failing to order appropriate laboratory tests and studies; in failing to admit the plaintiff to a hospital; in failing to advise the plaintiff about the nature and risks of his condition and in causing and permitting the infection to spread and progress and become worse.

53. That the negligence and malpractice of the defendant, DAVID WALKER, M.D., was a substantial factor and a proximate cause of the plaintiff's injuries.

54. Defendant, HUDSON RIVER HEALTHCARE, INC., its agents, servants and employees, were negligent, careless and departed from accepted standards of medical practice, in failing to properly diagnose the condition that plaintiff was then and there suffering from; in failing and omitting to use and employ the skill, care and diligence commonly and ordinarily possessed by physicians and specialists in family practice in the community; in that they failed to properly examine, treat, care and advise regarding the condition from which the plaintiff was suffering; in ignoring the plaintiff's complaints, signs and symptoms; in failing to perform

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

competent and thorough examinations; in failing to take an adequate history; in failing to recognize the significance of the plaintiff's medical history; in failing to perform necessary tests and studies; in ignoring and misinterpreting signs and symptoms; in failing to appreciate the significance of plaintiff's diabetes mellitus and morbid obesity; in failing to appreciate the significance of plaintiff's laboratory test results; in negligently causing delay in plaintiff's care and treatment; in negligently causing and contributing to the complications suffered by the plaintiff including pulmonary collapse, respiratory failure and septic shock; in negligently prolonging the recovery of the plaintiff; in ignoring and disregarding the findings of other physicians and health care providers regarding the plaintiff; in permitting the plaintiff's condition to worsen; in causing a significant delay in diagnosis and treatment of plaintiff; in failing to treat the plaintiff in a timely manner; in failing to order and/or perform tests in a timely manner; in negligently causing trauma to the plaintiff; in causing the plaintiff to require further and additional surgical procedures and treatment including a tracheostomy, a diverting colostomy with a subsequent colostomy reversal; in failing to competently interpret examination results, tests and studies; in failing to timely make an accurate diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to obtain necessary, further and appropriate consultations with specialists; in failing to refer the plaintiff for further and additional testing and studies; in prescribing contra-indicated medications and in failing to prescribe appropriate medications in proper dosages; in negligently causing additional and aggravated pain, suffering, emotional distress and mental suffering; in rendering negligent care; failing to order radiological studies, including x-rays, CT scan, MRIs or ultrasounds; in failing to order appropriate laboratory tests and studies; in failing to admit the plaintiff to a hospital; in failing to advise the plaintiff about

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

the nature and risks of his condition and in causing and permitting the infection to spread and progress and become worse.

55. That the negligence and malpractice of the defendant, HUDSON RIVER HEALTHCARE, INC., was a substantial factor and a proximate cause of the plaintiff's injuries.

56. That the negligence and malpractice of the defendants, AMY TOCCO, M.D., DAVID WALKER, M.D. and HUDSON RIVER HEALTHCARE, INC., proximately caused the plaintiff, JOHN LANGERT, to suffer permanent personal injuries, disfigurement, pain, suffering, mental anguish, loss of the enjoyment of loss, incur past and future medical and hospital expenses, economic, pecuniary damages, impairment of future earning capacity and disruption of every day living activities.

57. That the defendant, HUDSON RIVER HEALTHCARE, INC., is liable for the negligent acts and omissions of its staff, employees, servants and agents under the doctrine of *respondeat superior.*

58. That by reason of the foregoing, the plaintiff demands damages in an amount that exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction.

AS AND FOR A SECOND CAUSE OF ACTION

59. Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs and though fully set forth at length herein.

60. The defendant, VASSAR BROTHERS HOSPITAL, its agents, servants and employees, were negligent, careless and departed from accepted standards of medical practice on or about March 12, 2006, March 14, 2006 and during the entire time of the plaintiff JOHN LANGERT's admission from March 17, 2006 to April 11, 2006; in failing to properly diagnose the condition that the plaintiff, JOHN LANGERT, was then and there suffering from; in failing

and omitting to use and employ the skill, care and diligence commonly and ordinarily possessed by hospitals in the community; in that they failed to properly examine, treat, care and advise regarding the condition from which the plaintiff was suffering; in ignoring the plaintiff's complaints, signs and symptoms; in failing to perform competent and thorough examinations; in failing to take an adequate history; in failing to perform necessary tests and studies; in failing to admit the plaintiff to a hospital on or about March 12, 2006 and at other times thereafter; in negligently releasing the plaintiff to home on March 12, 2006; in failing to admit the plaintiff to the hospital on March 14, 2006 after an incision and drainage was performed; in ignoring and misinterpreting signs and symptoms; in failing to appreciate the significance of plaintiff's medical history; in negligently causing additional injuries; in negligently prolonging the plaintiff's healing; in ignoring and disregarding the findings of other physicians and health care providers regarding the plaintiff; in permitting the plaintiff's condition to worsen; in negligently causing and contributing to the complications suffered by the plaintiff, JOHN LANGERT, including pulmonary collapse, respiratory failure and septic shock; in causing a significant delay in diagnosis and treatment of plaintiff's conditior in failing to perform surgery in a timely manner; in allowing incomplete debridements to be performed; in negligently causing trauma to the plaintiff; in causing the plaintiff to require further and additional surgical procedures and treatment including a tracheostomy, a diverting colostomy with a subsequent colostomy reversal; in failing to competently interpret examination results, tests and studies; in failing to timely make an accurate diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to obtain necessary, further and appropriate consultations with specialists; in failing to refer the plaintiff for further and additional testing and studies; in prescribing contra-indicated medications and in failing to prescribe appropriate medications in proper dosages; in negligently

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

causing additional and aggravated pain, suffering, emotional distress and mental suffering; in rendering negligent treatment and care all contributing to the damage and injury of the plaintiff.

61. That the negligence and malpractice of the defendant, VASSAR BROTHERS HOSPITAL, was a substantial factor and a proximate cause of plaintiff's serious personal injuries.

62. That the defendant, VASSAR BROTHERS HOSPITAL, is liable for the negligent acts and omissions of its staff, employees, servants and agents under the doctrine of respondeat superior.

63. That the negligence and malpractice of the defendant, VASSAR BROTHERS HOSPITAL, proximately caused the plaintiff, JOHN LANGERT, to suffer permanent personal injuries, disfigurement, pain, suffering, mental anguish, loss of the enjoyment of loss, incur past and future medical and hospital expenses, economic, pecuniary damages, impairment of future earning capacity and disruption of every day living activities.

64. The defendant, FRANCINE HOPE BROOKS, M.D., her agents, servants and employees, were negligent, careless and departed from accepted standards of medical practice on or about March 12, 2006 and for a period of time thereafter; in failing to properly diagnose the condition that the plaintiff, JOHN LANGERT, was then and there suffering from; in failing and omitting to use and employ the skill, care and diligence commonly and ordinarily possessed by physicians and specialists in emergency and internal medicine in the community; in that she failed to properly examine, treat, care and advise regarding the condition from which the plaintiff was suffering; in ignoring the plaintiff's complaints, signs and symptoms; in failing to perform competent and thorough examinations; in failing to take an adequate history; in failing to perform necessary tests and studies; in failing to admit the plaintiff to a hospital on or about

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

March 12, 2006 and at other times thereafter; in negligently releasing the plaintiff to home on 3/12/06; in ignoring and misinterpreting signs and symptoms; in failing to appreciate the significance of plaintiff's medical history; in negligently rendering advise, directions and consultations to medical personnel at defendant, VASSAR BROTHERS HOSPITAL, and to the plaintiff; in negligently causing additional injuries; in negligently prolonging the plaintiff's healing; in ignoring and disregarding the findings of other physicians and health care providers regarding the plaintiff; in permitting the plaintiff's condition to worsen; in negligently causing an contributing to the complications suffered by the plaintiff, JOHN LANGERT, including pulmonary collapse, respiratory failure and septic shock; in causing a significant delay in diagnosis and treatment of plaintiff's condition; in failing to order appropriate consultations, including surgical and infectious disease specialists; in negligently causing trauma to the plaintiff; in causing the plaintiff to require further and additional surgical procedures and treatment including a tracheostomy, a diverting colostomy with a subsequent colostomy reversal; in failing to competently interpret examination results, tests and studies; in failing to timely make an accurate diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to refer the plaintiff for further and additional testing and studies; in prescribing contra-indicated medications and in failing to prescribe appropriate medications in proper dosages; in negligently causing additional and aggravated pain, suffering, emotional distress and mental suffering; in rendering negligent treatment and care all contributing to the damage and injury of the plaintiff.

65. That the negligence and malpractice of the defendant, FRANCINE HOPE BROOKS, M.D., was a substantial factor and a proximate cause of plaintiff's serious personal injuries.

66. That the negligence and malpractice of the defendant, FRANCINE HOPE BROOKS, M.D., proximately caused the plaintiff, JOHN LANGERT, to suffer permanent personal injuries,

disfigurement, pain, suffering, mental anguish, loss of the enjoyment of loss, incur past and future medical and hospital expenses, economic, pecuniary damages, impairment of future earning capacity and disruption of every day living activities.

67. The defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," M.D., his / her agents, servants and employees, were negligent, careless and departed from accepted standards of medical practice on or about March 12, 2006 and for a period of time thereafter; in failing to properly diagnose the condition that the plaintiff, JOHN LANGERT, was then and there suffering from; in failing and omitting to use and employ the skill, care and diligence commonly and ordinarily possessed by physicians and specialists in emergency and internal medicine in the community; in that he/ she failed to properly examine, treat, care and advise while rendering services on March 12, 2006 as the "service MD, on call" at the defendant, VASSAR BROTHERS HOSPITAL, regarding the condition from which the plaintiff was suffering; ignoring the plaintiff's complaints, signs and symptoms; in failing to perform competent and thorough examinations; in failing to take an adequate history; in failing to perform necessary tests and studies; in failing to admit the plaintiff to a hospital on or about March 12, 2006 and at other times thereafter; in negligently releasing the plaintiff to home on March 12, 2006; in ignoring and misinterpreting signs and symptoms; in failing to appreciate the significance of plaintiff's medical history; in negligently rendering advise, directions and consultations to medical personnel at defendant, VASSAR BROTHERS HOSPITAL, and to the plaintiff; in negligently causing additional injuries; in negligently prolonging the plaintiff's healing; in ignoring and disregarding the findings of other physicians and health care providers regarding the plaintiff; in permitting the plaintiff's condition to worsen; in negligently causing and contributing to the complications suffered by the plaintiff, JOHN LANGERT, including

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

pulmonary collapse, respiratory failure and septic shock; in causing a significant delay in diagnosis and treatment of plaintiff's condition; in failing to order appropriate consultations, including surgical and infectious disease specialists; in negligently causing trauma to the plaintiff; in causing the plaintiff to require further and additional surgical procedures and treatment including a tracheostomy, a diverting colostomy with a subsequent colostomy reversal; in failing to competently interpret examination results, tests and studies; in failing to timely make an accurate diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to refer the plaintiff for further and additional testing and studies; in prescribing contra-indicated medications and in failing to prescribe appropriate medications in proper dosages; in negligently causing additional and aggravated pain, suffering, emotional distress and mental suffering; in rendering negligent treatment and care all contributing to the damage and injury of the plaintiff.

68. That the negligence and malpractice of the defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," M.D., was a substantial factor and a proximate cause of plaintiff's serious personal injuries.

69. That the negligence and malpractice of the defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," M.D., proximately caused the plaintiff, JOHN LANGERT, to suffer permanent personal injuries, disfigurement, pain, suffering, mental anguish, loss of the enjoyment of loss, incur past and future medical and hospital expenses, economic, pecuniary damages, impairment of future earning capacity and disruption of every day living activities.

70. That by reason of the foregoing, the plaintiff demands damages in an amount that exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

AS AND FOR A THIRD CAUSE OF ACTION

71. Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs and though fully set forth at length herein.

72. Defendant, JAYESH R. MODI, M.D., his agents, servants and employees, were negligent and committed malpractice in failing to render medical and surgical diagnosis, treatment, care and surgery in accordance with good and accepted practice; in failing to exercise the degree of skill, care and diligence expected of physicians and specialists in general and vascular surgery in the community; in making a negligent pre-operative evaluation of the patient; providing negligent post-operative care and treatment; in failing to properly evaluate and treat the plaintiff; in failing to take a proper and thorough history; in failing to properly assess plaintiff's medical history; in failing to recognize the significance of plaintiff's medical history; in negligently performing his duties as plaintiff's attending physician; in failing to render proper and thorough physical examinations; in failing to perform necessary diagnostic tests, scans and x-rays and in negligently interpreting such tests and scans; in delaying surgical intervention; in failing to perform an incision and drainage in a timely manner; defendant performed surgery in a negligent manner; in performing incomplete debridement; in performing surgical procedures in a negligent manner which permitted the infections and sepsis to spread and progress causing additional injuries to the plaintiff; in failing to admit plaintiff to a hospital; in providing negligent post-operative care and treatment.

73. That the negligence and malpractice of the defendant, JAYESH R. MODI, M.D., was a substantial factor and a proximate cause of the plaintiff's, JOHN LANGERT, injuries.

74. Defendant, DUTCHESS SURGICAL ASSOCIATES, P.C., its agents, servants and employees, were negligent, careless and departed from accepted standards of medical practice, in

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

failing to properly diagnose the condition that plaintiff, JOHN LANGERT, was then and there suffering from; in failing and omitting to use and employ the skill, care and diligence commonly and ordinarily possessed by physicians and specialists in general and vascular surgery in the community; in that they failed to properly examine, treat, care and advise regarding the condition from which the plaintiff was suffering; in ignoring the plaintiff's complaints, signs and symptoms; in failing to perform competent and thorough examinations; in failing to take an adequate history; in failing to recognize the significance of the plaintiff's medical history; in failing to perform necessary tests and studies; in ignoring and misinterpreting signs and symptoms; in failing to appreciate the significance of plaintiff's diabetes mellitus and morbid obesity; in failing to appreciate the significance of plaintiff's laboratory test results; in negligently causing delay in plaintiff's care and treatment; in failing to perform surgery in a timely manner; in performing incomplete debridements; In negligently performing surgery; in negligently prolonging the recovery of the plaintiff; in ignoring and disregarding the findings of other physicians and health care providers regarding the plaintiff; in permitting the plaintiff's condition to worsen; in negligently causing and contributing to the complications suffered by the plaintiff, JOHN LANGERT, including pulmonary collapse, respiratory failure and septic shock; in causing a significant delay in diagnosis and treatment of plaintiff; in failing to treat the plaintiff in a timely manner; in failing to order and/or perform tests in a timely manner; in negligently causing trauma to the plaintiff; in causing the plaintiff to require further and additional surgical procedures and treatment including a tracheostomy, a diverting colostomy with a subsequent colostomy reversal; in failing to competently interpret examination results, tests and studies; in failing to timely make an accurate diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to obtain necessary, further and appropriate consultations with

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

specialists; in failing to refer the plaintiff for further and additional testing and studies; in prescribing contra-indicated medications and in failing to prescribe appropriate medications in proper dosages; in negligently causing additional and aggravated pain, suffering, emotional distress and mental suffering; in rendering negligent care; failing to order radiological studies, including x-rays, CT scan, MRIs or ultrasounds; in failing to order appropriate laboratory tests and studies; in failing to admit the plaintiff to a hospital; in failing to advise the plaintiff about the nature and risks of his condition and in causing and permitting the infection to spread and progress and become worse.

75. That the negligence and malpractice of the defendant, DUTCHESS SURGICAL ASSOCIATES, P.C., was a substantial factor and a proximate cause of the plaintiff's injuries.

76. That the negligence and malpractice of the defendants, JAYESH R. MODI, M.D. and DUTCHESS ASSOCIATES, P.C., proximately caused the plaintiff, JOHN LANGERT, to suffer permanent personal injuries, disfigurement, pain, suffering, mental anguish, loss of the enjoyment of loss, incur past and future medical and hospital expenses, economic, pecuniary damages, impairment of future earning capacity and disruption of every day living activities.

77. That by reason of the foregoing, the plaintiff demands damages in an amount that exceeds the jurisdiction of all lower courts that would otherwise have jurisdiction.

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

WHEREFORE, plaintiff demands judgment against the defendants, and all of them, on each of the causes of action alleged in an amount that exceeds the jurisdictional limits of all lower courts, along with interest costs and disbursements.

LAW FIRM OF JONATHAN C. REITER

Jonathan C. Reiter, Esq.
Attorneys for Plaintiff
350 Fifth Avenue, Suite 2811
New York, New York 10118
(212) 736-0979

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: EMILY E. DAUGHTRY
Special Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1579
Fax: (212) 637-2717
E-mail: emily.daughtry@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN LANGERT, Plaintiff, v. AMY TOCCO, M.D., ET AL. Defendants. | CERTIFICATION<br>08 Civ. ______<br>Index No. 7682-07<br>(Supreme Court of the State of New York, County of Dutchess) |

I, MICHAEL J. GARCIA, the United States Attorney for the Southern District of New York, pursuant to the provisions of 42 U.S.C. § 233 and 28 U.S.C. § 2679(d), and by virtue of the authority vested in me by the Attorney General under 28 C.F.R. § 15.4, hereby certify, on the information now available, that defendants Amy Tocco, M.D., David Walker, M.D., and Hudson River HealthCare, Inc. were acting within the scope of their federal employment at the time they rendered medical care to plaintiff John Langert.

Dated: New York, New York
May 2, 2008

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: EMILY E. DAUGHTRY
Special Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1579
Fax: (212) 637-2717

JUDGE COTE

FILE COPY

08 CV 4405

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN LANGERT,

Plaintiff,

v.

AMY TOCCO, M.D., et al.

Defendants.

NOTICE OF REMOVAL

07 Civ.

Index No. 7682-07
(Supreme Court of the State of New York, County of Dutchess)

Defendants Hudson River HealthCare, Inc., f/k/a/ Peekskill Area Health Center, Amy Tocco, M.D., and David Walker, M.D. (the "federal defendants"), by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby remove the above-captioned action to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

1. On or about November 9, 2007, plaintiff John Langert commenced an action in the Supreme Court of the State of New York, County of Dutchess, against the federal defendants, among others, by filing a Summons and Verified Complaint under index number 7682-07. A true and correct copy of the Summons and Verified Complaint is attached hereto as Exhibit A.

2. Pursuant to the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1995, 42 U.S.C. § 201 et seq., Hudson River HealthCare, Inc., and its employees, were deemed to be employees of the United States Government, effective July

1, 1994. See 42 U.S.C. § 233(a), (g)-(n).

3. Amy Tocco, M.D. and David Walker, M.D. were employees of Hudson River HealthCare, Inc. at all times relevant to the Complaint.

4. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680, provides the exclusive remedy with respect to plaintiff's claims against the federal defendants. See 42 U.S.C. § 233(a).

5. This action may be removed to this Court pursuant to 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2) because: (i) trial has not yet been had of this action; and (ii) this is a civil action brought against parties deemed to be employees of the United States Government for purposes of the FTCA. The Certification of Michael J. Garcia, United States Attorney for the Southern District of New York, dated May 2, 2008, certifying that defendants Hudson River HealthCare, Inc., Amy Tocco, M.D., and David Walker, M.D., were acting within the scope of their federal employment at all times relevant to plaintiff's claims against them, is attached hereto as Exhibit B.

Dated: New York, New York
May 9, 2008

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants
Hudson River HealthCare, Inc.
Amy Tocco, M.D., and
David Walker, M.D.

By: EMILY E. DAUGHTRY

Special Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-1579
Fax:  (212) 637-2717
E-mail: emily.daughtry@usdoj.gov

TO (by mail):

JONATHAN C. REITER, ESQ.
Attorney for Plaintiff
350 Fifth Ave., Suite 2811
New York, NY 10118

CLIFFORD A. PLATT, ESQ.
Attorney for Defendant Jayesh R. Modi, M.D.
Steinberg, Symer, & Platt, LLP
27 Garden Street
Poughkeepsie, New York 12601

VASSAR BROTHERS HOSPITAL
45 Reade Place
Poughkeepsie, NY 12601

FRANCINE HOPE BROOKS, M.D.
45 Reade Place
Poughkeepsie, NY 12601

DUTCHESS SURGICAL ASSOCIATES, P.C.
1 Columbia Street, Suite 301
Poughkeepsie, New York 12601