IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| John Langert, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Index No. |
| | ) |
| Dr. Amy Tocco, Dr. David Walker, Hudson River Healthcare, Inc., a/k/a Community Health, Vassar Brothers Hospital, Francine Hope Brooks, M.D., "John Doe", and/or "Jane Doe", M.D., a/k/a "Service MD, On Call", Jayesh R, Modi, M.D., and Dutchess Surgical Surgical Associates, P.C., | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF MEREDITH TORRES

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. I caused a search of the Claims Branch's database to be conducted and found that an administrative tort claim was filed on December 4, 2007, by Plaintiff, John Langert relating to the medical care provided by the health center, Dr. Amy Tocco and Dr. David Walker.

-2-

4. I have also reviewed official agency records and determined that Hudson River Healthcare, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective July 1, 1994, and that its coverage has continued without interruption since that time. Copies of the notifications by an Assistant Surgeon General, Department of Health and Human Services, to Hudson River Healthcare, Inc., are attached to this declaration as Exhibit 1.

6. Official agency records further indicate that Dr. Amy Tocco and Dr. David Walker were employees of Hudson River Healthcare, Inc., at all times relevant to the Plaintiff's claim.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 20th day of December, 2007.

_____
MEREDITH TORRES
Senior Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services

**DEPARTMENT OF HEALTH & HUMAN SERVICES**     Public Health Service
BUREAU OF PRIMARY HEALTH CARE

Health Resources and
Services Administration
Rockville MD 20857

JUL - 5 1994

JUL 1 2 1994

Ms. Anne K. Nolon
President
Peekskill Area Health Center, Inc.
1037 Main Street
Peekskill, New York 105662

Dear Ms. Nolan:

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1992 (P.L. 102-501), deems the above named entity to be an employee of the Federal Government for the purposes of Section 224. Under Section 224(a), the remedy against the United States provided under the Federal Tort Claims Act (FTCA) for medical and related functions performed by commissioned officers or employees of the PHS while acting within the scope of office or employment, shall be exclusive of any other civil action or proceeding. P.L. 102-501 extends this "FTCA coverage" to the grantees that have been deemed covered under Section 224(h) and certain of their officers, employees, and contractors, as specified below.

This action is based on the assurances provided on August 23, 1993, with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials, references, claims history, fitness, professional review organization findings, and licensure status of its health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims (including access to all pertinent documents and patient information and records) and actions to assure against claims in the future; and (4) cooperation with the DOJ in providing information related to previous malpractice claims history.

All officers, employees, and full-time contractors (minimum 32.5 hours per week) of this grantee who are physicians or other licensed or certified health care practitioners and who are providing services under the scope of activities covered by the project funded through its Section 329 (migrant health centers), Section 330 (community health centers), Section 340 (health services for the homeless), or Section 340A (health services for residents of public housing) grant(s) are also deemed to be employees of the Federal Government for the purposes of Section 224, as are part-time contractors who are licensed or certified

*Exhibit -1*

Page 2 - Ms. Anne K. Nolon

providers of obstetrical services and whose individual medical malpractice liability insurance coverage does not extend to services performed for this grantee. Subrecipients listed as eligible for FTCA coverage by the grantee will be deemed eligible only for carrying out those grant-related activities designated as being within the scope of their contract.

Accordingly, the Attorney General, through the DOJ, has the responsibility for the defense of the individual and/or grantee for malpractice claims approved for FTCA coverage. Please note that the applicability of the Act to a particular claim or case will depend upon the determination or certification, as appropriate, by the Attorney General that the individual or grantee is covered by the Act and was acting within the scope of employment. Such determination or certification is subject to judicial review. If the claim is subject to FTCA coverage, it must be reviewed initially by the PHS through an administrative claims process. Your cooperation in the handling of the claim (including providing the relevant medical records) will be necessary.

Section 224 is further amended by providing that hospital admitting privileges cannot be denied if a covered health professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. These individuals are thus afforded the same treatment as members of the National Health Service Corps with respect to hospital admitting privileges. Hospitals that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

The BPHC will be evaluating the implications of FTCA coverage for the payment of malpractice insurance costs under the terms of your grant. As a general rule, BPHC would not allow further charges to the grant for malpractice insurance for services subject to FTCA coverage. However, BPHC recognizes that some insurable risks will remain after the effective date of eligibility for FTCA coverage, including risks covered by malpractice insurance for non-covered providers. These remaining risks may require the purchase of private insurance by the grantee. Furthermore, it is expected that grantees will purchase "tail" insurance coverage for current providers with claims made instead of occurrences policies. Consequently, a grantee that has been deemed eligible for FTCA coverage should not cancel its current private malpractice insurance policies until these "gap" coverage requirements have been identified and policies secured.

The BPHC will consider allowing the grantee to continue to purchase its current malpractice insurance where the grantee can demonstrate that: (1) this is necessary to maintain the current scope of services and patient care activities and (2) the cost of such insurance is less than the cost of the insurable risks that remain after FTCA coverage is in effect, i.e., gap coverage.

Page 3 - Ms. Anne K. Nolon

Furthermore, BPHC will examine your request for charging to your grant the cost of "tail" insurance, if your previous malpractice coverage was for claims made, rather than occurrences. Here too, we will consider the extent to which the cost of tail insurance exceeds the cost of the present malpractice insurance, in deciding which form of insurance will be an allowable expense under the grant.

The effective date of eligibility for FTCA malpractice coverage is July 1, 1994. FTCA coverage is only applicable to acts or omissions occurring after this effective date and before January 1, 1996, for the scope of activities covered by the grant funded project.

For further information, please contact Gil Cardona, M.D., FTCA Coordinator, Region II, (212) 264-2771.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director

**DEPARTMENT OF HEALTH & HUMAN SERVICES**  Public Health Service

BUREAU OF PRIMARY HEALTH CARE

MAR - 9 2000

Health Resources and
Services Administration
Bethesda MD 20814

Anne Kauffman Nolon, MPH
President & Chief Executive Officer
Hudson River HealthCare
1037 Main Street
Peekskill, New York 10566

Reference:  Malpractice Liability Coverage

The Bureau of Primary Health Care, in accordance with section 224(h) of the Public Health Service Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Public Law 104-73), deemed the Peekskill Area Health Center to be an employee of the Federal Government, effective June 23, 1996, for the purposes of malpractice liability protection under the Federal Tort Claims Act (FTCA).

Although the above referenced entity has undergone a legal name change to the "Hudson River HealthCare", the requirements and protection pursuant to section 224 remain in effect under the new corporate name.

If there are any questions, please contact, Roberta Holder-Mosley, FTCA Coordinator, Health Resources and Services Administration, New York Field Office, at (212) 264-2708.

Sincerely yours,

Marilyn Hughes Gaston, M.D.
Assistant Surgeon General
Associate Administrator



DEPARTMENT OF HEALTH & HUMAN SERVICES
BUREAU OF PRIMARY HEALTH CARE

Public Health Service

June 21, 1996

Health Resources and
Services Administration
Bethesda MD 20814

Anne K. Nolon, MPH
Executive Director
Peekskill Area Health Center
1037 Main Street
Peekskill, New York  10566

REC'D JUL 1  1996

Reference: Malpractice Liability Coverage

The Bureau of Primary Health Care (BPHC), in accordance with Section 224(h) of the Public Health Service (PHS) Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub.L. 104-73), deems the above named entity to be an employee of the Federal Government, effective June 23, 1996, for the purposes of Section 224. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding.
This "FTCA coverage" is applicable to deemed entities and their including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

Section 224 further provides that hospital admitting privileges cannot be denied on the basis of having malpractice coverage under the FTCA, if a covered health care professional meets the appropriate professional qualifications, and agrees to abide by the hospital bylaws and the rules, and regulations of the medical staff. Moreover, managed care plans are required to accept FTCA as meeting whatever malpractice insurance coverage requirements such plans may require of contracting providers. Hospitals and managed care plans that fail to comply shall be in jeopardy of losing Medicare and Medicaid reimbursements.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, a $1.0 million each claim/$3.0 million aggregate occurrence is met since FTCA would, as appropriate, provide for the payment to a plaintiff of any damages awarded as a result of a judgment or a settlement approved by the Attorney General, sums in excess of this amount.

For further information, please contact Gil Cardona, M.D., Regional FTCA Coordinator, HRSA Field Office, New York, New York at (212) 264-2771.

Sincerely yours,

Marilyn H. Gaston, M.D.
Assistant Surgeon General
Director



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Health Resources and Services Administration

Bureau of Primary Health Care
Rockville MD 20857

MAY 2 0 2005

Anne Nolon, Executive Director
Hudson River Health Care
UDS # 021510
1037 Main Street
Peekskill, NY 10566-2913

Reference:   Malpractice Liability Coverage – Renewal health center deeming letter
Coverage effective on January 1, 2005 through December 31, 2005

Dear Ms. Nolon:

The Health Resources and Services Administration (HRSA), Bureau of Primary Health Care (BPHC), in accordance with Section 224(g) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), (P.L. 104-73), redeems the above named entity to be an employee of the PHS for purposes of Federal Tort Claims Act (FTCA) medical malpractice liability coverage, effective January 1, 2005.

This action is based on the assurances provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed health centers and their: (1) officers; (2) governing board members; (3) full and part time health center employees; (4) licensed or certified health care practitioner contractors (who are not corporations) providing full-time services (i.e., on average at least 32 ½ hours per week); and (5) licensed or certified health care practitioner contractors (who are not corporations) providing part-time services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage.

Page 2 – Anne Nolon, Executive Director

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, FTCA coverage would meet the requirements of a $1.0 million each claim/$3.0 million aggregate occurrence policy since FTCA coverage would, as appropriate, provide payment to a plaintiff for any damages awarded as a result of a judgment or settlement.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://bphc.hrsa.gov/pinpals/default.htm.

For further information, please contact your HRSA/BPHC Project Officer as listed on your notice of grant award.

Sincerely,

A. Michelle Snyder
Associate Administrator

Enclosure

DEPARTMENT OF HEALTH & HUMAN SERVICES                         Health Resources and Services
                                                              Administration

                                                              Bureau of Primary Health Care
                                                              Rockville MD 20857

DEC 19 2005

Anne Kauffman Nolon
Executive Director
Hudson River Healthcare, Inc.
UDS # 021510
1037 Main Street
Peekskill, NY 10566-2913

Reference: Malpractice Liability Coverage – Renewal health center deeming letter
Coverage effective on January 1, 2006 through December 31, 2006

Dear Executive Director:

The Health Resources and Services Administration (HRSA), Bureau of Primary Health Care (BPHC), in accordance with Section 224(g) of the Public Health Service (PHS) Act, 42 U.S.C. §233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), (P.L. 104-73), deems the above named entity to be an employee of the PHS for purposes of Federal Tort Claims Act (FTCA) medical malpractice liability coverage, effective January 1, 2006.

This action is based on the assurances provided in your FTCA deeming application, as required under 42 U.S.C. §233(h), with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed health centers and their: (1) officers; (2) governing board members; (3) full and part time health center employees; (4) licensed or certified health care practitioner contractors (who are not corporations) providing full-time services (i.e., on average at least 32 ½ hours per week); and (5) licensed or certified health care practitioner contractors (who are not corporations) providing part-time services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage.

Page 2

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met. For example, FTCA coverage would meet the requirements of a $1.0 million each claim/$3.0 million aggregate occurrence policy since FTCA coverage would, as appropriate, provide payment to a plaintiff for any damages awarded as a result of a judgment or settlement.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. §254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://www.bphc.hrsa.gov/pinspals/default.htm.

For further information, please contact your HRSA/BPHC Project Officer as listed on your notice of grant award.

Sincerely,

*[signature]*

A. Michelle Snyder
Associate Administrator

Enclosure



DEPARTMENT OF HEALTH & HUMAN SERVICES

Health Resources and Services Administration

Bureau of Primary Health Care
Rockville MD 20857

DEC 1 8 2006

Ms. Anne Kauffman Nolon
Executive Director
Hudson River Health Care, Inc.
UDS # 021510
1037 Main Street
Peekskill, NY 10566-2913

Reference:   Malpractice Liability Coverage – Renewal Health Center Deeming Letter
Coverage Effective January 1, 2007 through December 31, 2007

Dear Ms. Nolon:

The Health Resources and Services Administration (HRSA) in accordance with Section 224(g) of the Public Health Service (PHS) Act, 42 U.S.C. §233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), (P.L. 104-73), deems the above named entity to be an employee of the PHS, for the purposes of section 224, effective January 1, 2007. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical surgical, dental, and related functions and is exclusive of any other civil action or proceeding.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed health centers and their: (1) officers; (2) governing board members; (3) full- and part-time health center employees; (4) licensed or certified health care practitioner contractors (who are not corporations) providing full-time services (i.e., on average at least 32 ½ hours per week); and (5) licensed or certified health care practitioner contractors (who are not corporations) providing part-time services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the assurances provided in your FTCA deeming application, as required under 42 U.S.C. §233(h), with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Page 2 – Ms. Anne Kauffman Nolon

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. §254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://www.bphc.hrsa.gov/pinspals/default.htm.

For further information, please contact your HRSA Project Officer as listed on your notice of grant award.

Sincerely,

Donald L. Weaver, M.D.

James Macrae
Associate Administrator

Enclosure



DEPARTMENT OF HEALTH & HUMAN SERVICES

Health Resources and Services Administration

Bureau of Primary Health Care
Rockville MD 20857

NOV 9 2007

Executive Director
Hudson River Health Care, Inc.
UDS# 021510
1037 Main Street
Peekskill, NY 10566-2913

Reference: Malpractice Liability Coverage - Renewal Health Center Deeming Letter Coverage Effective January 1, 2008 through December 31, 2008

Dear Executive Director:

The Health Resources and Services Administration (HRSA) in accordance with Section 224(g) of the Public Health Service (PHS) Act, 42 U.S.C. §233(g), as amended by the Federally Supported Health Centers Assistance Act of 1995 (FSHCAA), (P.L. 104-73), deems the above named entity to be an employee of the PHS, for the purposes of section 224, effective January 1, 2008. Section 224(a) provides liability protection under the Federal Tort Claims Act (FTCA) for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, and related functions and is exclusive of any other civil action or proceeding.

The 1995 amendments to FSHCAA clarified that FTCA coverage extends to deemed health centers and their: (1) officers; (2) governing board members; (3) full- and part-time health center employees; (4) licensed or certified health care practitioner contractors (who are not corporations) providing full-time services (i.e., on average at least 32 ½ hours per week); and (5) licensed or certified health care practitioner contractors (who are not corporations) providing part-time services in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and, therefore, are not eligible for FTCA coverage.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the assurances provided in your FTCA deeming application, as required under 42 U.S.C. §233(h), with regard to: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice; (2) implementation of a system whereby professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals are reviewed and verified; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. §254(b), in order to maintain FTCA coverage. If the deemed entity loses its Section 330 funding, its coverage under the FTCA will end immediately upon termination of the grant.

In addition to the FTCA statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures included on the enclosed list. These documents can be found online at http://www.bphc.hrsa.gov/pinspals/default.htm.

For further information, please contact the Office of Quality and Data at 301-594-0818.

Sincerely,

James Macrae
Associate Administrator

Enclosure