UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN LANGERT,

**Case No.: 08-4405 (DLC)**

                        Plaintiff,

**AMENDED COMPLAINT**

     -against-

UNITED STATES OF AMERICA d/b/a
HUDSON RIVER HEALTHCARE, INC., a/k/a
COMMUNITY HEALTH, AMY TOCCO, M.D.
DAVID WALKER, M.D., VASSAR BROTHERS
HOSPITAL, FRANCINE HOPE BROOKS, M.D.,
"JOHN DOE", M.D. and/or "JANE DOE", M.D.,
a/k/a "SERVICE MD, ON CALL," JAYESH R.
MODI, M.D., and DUTCHESS SURGICAL
ASSOCIATES, P.C.,
                       Defendants.
------------------------------------------------------------------X

      Plaintiff, JOHN LANGERT, by his attorneys, THE LAW FIRM OF JONATHAN C. REITER complaining of the defendants, alleges as follows:

## JURISDICTION

     1.    Jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1346. The plaintiff further invokes the pendent jurisdiction of this court over claims arising under New York State law.

     2.    Prior to the filing of this action, the plaintiff timely made and presented to the United States Department of Health and Human Services on November 28, 2007, a Claim for Damage, Injury or Death, as required under the Federal Tort Claims Act of the United States of America. The defendants have failed, neglected and refused to pay, settle, compromise or adjust the claim of the plaintiff. The plaintiff has duly complied with all of the conditions precedent to the commencement of this action.

## VENUE

3.      Venue is founded upon 28 U.S.C. §1391(b).

## PARTIES

4.      Plaintiff, JOHN LANGERT is a citizen of the United States, and resides in the County of Dutchess, City and State of New York.

5.      At all times relevant hereto and upon information and belief, defendant, UNITED STATES OF AMERICA d/b/a HUDSON RIVER HEALTHCARE, INC., a/k/a COMMUNITY HEALTH (hereinafter "USA") was an agency of the Department of Health and Human Services having its principal office 200 Independence Avenue S.W., Washington, D.C. 20201.

6.      At all times relevant hereto and upon information and belief, the defendant USA owned, operated, maintained and controlled certain health care facilities, including but not limited to Hudson River Healthcare, Inc., a/k/a Community Health, located at 1037 Main Street, Peekskill, New York 10566.

7.      At all times relevant hereto and upon and belief, the defendant, USA, was doing business under the names Hudson River Healthcare, Inc., a/k/a Community Health.

8.      At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, HUDSON RIVER HEALTHCARE, Inc., held itself out to the public as a health care provider, qualified and capable of rendering medical services with the skill and knowledge possessed by and required of physicians and specialists in family practice in the community.

9.      Upon information and belief, the defendant, AMY TOCCO, M.D., was a physician licensed to practice in the State of New York.

10.     At all times relevant hereto and upon information and belief, the defendant, AMY TOCCO, M.D., held herself out as a physician qualified and capable of rendering medical

2

diagnosis, treatment, advice, care and services with the skill and knowledge possessed by and required of physicians in the community.

11.     At all times hereinafter mentioned and at the time of the occurrences herein, and upon information and belief, the defendant, AMY TOCCO, M.D. held herself out to the public as a primary care physician qualified and capable of rendering medical diagnosis, treatment and care with the skill and knowledge required of physicians in the community.

12.     That in rendering medical diagnosis, treatment, advice care and services to the plaintiff, the defendant, AMY TOCCO, M.D., was acting on her own behalf and as agent, servant and/or employee of defendant, UNITED STATES OF AMERICA.

13.     At all times hereinafter mentioned and at the times of the occurrences herein, the defendant, AMY TOCCO, M.D., was an employee of the UNITED STATES OF AMERICA.

14.     Upon information and belief, the defendant, DAVID WALKER, M.D., was a physician licensed to practice in the State of New York.

15.     At all times relevant hereto and upon information and belief, the defendant, DAVID WALKER, M.D., held himself out as a physician qualified and capable of rendering medical diagnosis, treatment, advice, care and services with the skill and knowledge possessed by and required of physicians in the community.

16.     At all times hereinafter mentioned and at the time of the occurrences herein, and upon information and belief, the defendant, DAVID WALKER, M.D. held himself out to the public as a primary care physician specializing in family practice qualified and capable of rendering medical diagnosis, treatment and care with the skill and knowledge required of physicians in the community.

3

17.    That in rendering medical diagnosis, treatment, advice care and services to the plaintiff, the defendant, DAVID WALKER, M.D., was acting on his own behalf and as an agent, servant and/or employee of defendant, UNITED STATES OF AMERICA, acting within the course and scope of his employment and/or agency.

18.    At all times hereinafter mentioned and at the times of the occurrences herein, the defendant, DAVID WALKER, M.D., was an employee of the UNITED STATES OF AMERICA.

19.    At all times hereinafter mentioned and at the time of the occurrences herein, the Defendant, VASSAR BROTHERS HOSPITAL, was a domestic not-for-profit hospital duly organized and existing under the laws of the State of New York, located at 45 Reade Place, Poughkeepsie, New York 12601.

20.    Defendant, VASSAR BROTHERS HOSPITAL, was a partnership, unincorporated association or other entity, organized and existing under the laws of the State of New York, having its principal place of business at 45 Reade Place, Poughkeepsie, New York 12601.

21.    At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, VASSAR BROTHERS HOSPITAL, held itself out to the public as a hospital qualified and capable of rendering medical, surgical, nursing, radiological, laboratory and other services with the skill and knowledge possessed by and required of hospitals in the community.

22.    At all times hereinafter mentioned and at the time of the occurrences herein, and upon information and belief, the Defendant, FRANCINE HOPE BROOKS, M.D., was a physician licensed to practice in the State of New York, maintaining her office for the practice of medicine at 45 Reade Place, Poughkeepsie, New York 12601.

4

23.     At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, FRANCINE HOPE BROOKS, M.D., was a shareholder, director, agent, servant and/or employee of the defendant, VASSAR BROTHERS HOSPITAL.

24.     At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, FRANCINE HOPE BROOKS, M.D. held herself out to the public as a physician and specialist in emergency medicine and internal medicine qualified and capable of rendering medical diagnosis, treatment, care with the skill and knowledge required of physicians in the community.

25.     That in rendering medical diagnosis, treatment, advice care and services to the plaintiff, the defendant, FRANCINE HOPE BROOKS, M.D., was acting on her own behalf and as an agent, servant and/or employee, express and/or implied in law, of the defendant, VASSAR BROTHERS HOSPITAL, acting within the course and scope of her employment and/or agency.

26.     That the defendant, FRANCINE HOPE BROOKS, M.D., upon information and belief, was the "SERVICE, M.D., ON CALL", on March 12, 2006 at the defendant, VASSAR BROTHERS HOSPITAL.

27.     At all times hereinafter mentioned and at the time of the occurrences herein, and upon information and belief, the defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," was a physician licensed to practice medicine in the State of New York, maintaining his/her office at 45 Reade Place, Poughkeepsie, New York 12601.

28.     At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," M.D., was a shareholder, director, agent, servant and/or employee of the defendant, VASSAR BROTHERS HOSPITAL.

5

29.    At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," held himself/herself out to the public as a physician and specialist in emergency medicine and internal medicine qualified and capable of rendering medical diagnosis, treatment, care with the skill and knowledge required of physicians in the community.

30.    That in rendering medical diagnosis, treatment, advice care and services to the plaintiff, the defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," M.D., was acting on his/ her own behalf and as an agent, servant and/or employee, express and/or implied in law, of the defendant, VASSAR BROTHERS HOSPITAL, acting within the course and scope of his/ her employment and/or agency.

31.    At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, JAYESH R. MODI, M.D., was a physician licensed to practice in the State of New York, maintaining his office for the practice of medicine at 1 Columbia Street, Suite 301, Poughkeepsie, New York 12601.

32.    At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, JAYESH R. MODI, M.D., was a shareholder, director, agent, servant and/or employee of the defendant, DUTCHESS SURGICAL ASSOCIATES, P.C.

33.    At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, JAYESH R. MODI, M.D. held himself out to the public as a physician and specialist in general and vascular surgery qualified and capable of rendering medical and surgical diagnosis, treatment, care and surgery with the skill and knowledge required of physicians and surgeons in the community.

6

34.    That in rendering medical diagnosis, treatment, advice care and services to the plaintiff, the defendant, JAYESH R. MODI, M.D., was acting on his own behalf and as an agent, servant and/or employee of defendant, DUTCHESS SURGICAL ASSOCIATES, P.C., acting within the course and scope of his employment and/or agency, and as an agent, servant and/or employee, express and/or implied in law, of the defendant, VASSAR BROTHERS HOSPITAL, acting within the course and scope of his employment and/or agency.

35.    At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, DUTCHESS SURGICAL ASSOCIATES, P.C., was and still is a domestic professional corporation, duly organized and existing under and pursuant to the laws of the State of New York, having a principal place of business at 1 Columbia Street, Suite 301, Poughkeepsie, New York 12601.

36.    At all times hereinafter mentioned and at the time of the occurrences herein, the defendant, DUTCHESS SURGICAL ASSOCIATES, P.C. held itself out to the public as a health care provider, qualified and capable of rendering medical and surgical services specializing in general and vascular surgery with the skill and knowledge possessed by and required of physicians and surgical specialists in the community.

## GENERAL ALLEGATIONS

37.    That on or about March 5, 2005, the defendant, AMY TOCCO, M.D. undertook to render certain medical services, diagnosis, treatment, advice and care to the plaintiff, JOHN LANGERT, at defendant, HUDSON RIVER HEALTHCARE, INC.

38.    That defendant, AMY TOCCO, M.D., diagnosed and rendered treatment to the plaintiff, JOHN LANGERT, for diabetes mellitus, among other conditions during the time that the plaintiff was her patient. That the plaintiff continued under the care and treatment of the

7

defendant, AMY TOCCO, M.D., at various times and intervals up to and including March 10, 2006 and up to and including June 6, 2006.

39.     That plaintiff, JOHN LANGERT, sought treatment at defendant, HUDSON RIVER HEALTHCARE, INC., on or about March 10, 2006 for a medical condition involving his left buttock area.

40.     Upon information and belief, defendant, DAVID WALKER, M.D., and other staff members at defendant, HUDSON RIVER HEALTHCARE, INC., examined the plaintiff, JOHN LANGERT, on or about March 10, 2006.

41.     Upon information and belief, on March 10, 2006, plaintiff, JOHN LANGERT, presented to defendant, HUDSON RIVER HEALTHCARE, INC., with a condition that was diagnosed and described as a gluteal cyst with worsening pain, erythema and with areas of purulent drainage.

42.     That on or about March 12, 2006, the plaintiff, JOHN LANGERT, presented to the emergency room of the defendant, VASSAR BROTHERS HOSPITAL, with signs, symptoms and complaints documented by defendant as a large abscess on his buttock area with localized erythema.

43.     Upon information and belief, at that time and place, the plaintiff, JOHN LANGERT, was seen, examined and consultation done by defendant, FRANCINE HOPE BROOKS, M.D., and staff members of defendant, VASSAR BROTHERS HOSPITAL.

44.     The plaintiff, JOHN LANGERT, was discharged to home on or about March 12, 2006.

45.    That upon information and belief, defendant, FRANCINE HOPE BROOKS, M.D., rendered a consultation in connection with the care and treatment of the plaintiff, JOHN LANGERT, on or about March 12, 2006 at defendant, VASSAR BROTHERS HOSPITAL.

46.    That thereafter, on or about March 14, 2006, the plaintiff, JOHN LANGERT, presented to the defendant, VASSAR BROTHERS HOSPITAL, with signs, symptoms and complaints documented by defendant of a large abscess on his buttock area with localized erythema.

47.    Upon information and belief, Defendant, JAYESH R. MODI, M.D., performed an incision and drainage of the abscess at defendant, VASSAR BROTHERS HOSPITAL, on or about March 14, 2006.

48.    The plaintiff, JOHN LANGERT, was discharged to home on our about March 14, 2006.

49.    That on or about March 17, 2006, the plaintiff, JOHN LANGERT, presented himself to the defendant, VASSAR BROTHERS HOSPITAL, with continued worsening pain and symptoms following the incision and drainage performed on or about March 14, 2006 by defendant, JAYESH R. MODI, M.D.

50.    That the plaintiff, JOHN LANGERT, was admitted to defendant, VASSAR BROTHERS HOSPITAL, on or about March 17, 2006 by defendant, JAYESH R. MODI, M.D. due to extensive and progressive infections, including Fournier gangrene and necrotizing fascitis in the perineum and genital area.

51.    Upon information and belief, during the plaintiff, JOHN LANGERT's, admission to defendant, VASSAR BROTHERS HOSPITAL, from on or about March 17, 2006 up to and

9

including April 11, 2006, JAYESH R. MODI, M.D., was plaintiff's attending physician, primarily responsible for plaintiff, JOHN LANGERT's, diagnosis, care and treatment.

52.     Upon information and belief, during plaintiff, JOHN LANGERT's, admission to defendant, VASSAR BROTHERS HOSPITAL, the defendant, JAYESH R. MODI, M.D., rendered certain medical examinations, diagnosis, treatment, advice, care and services to the plaintiff, JOHN LANGERT.

53.     That during plaintiff, JOHN LANGERT's, admission to defendant, VASSAR BROTHERS HOSPITAL, said defendant undertook to supply physicians, nurses, technicians and other staff personnel for the diagnosis, care and treatment of the plaintiff, JOHN LANGERT.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST
DEFENDANT UNITED STATES OF AMERICA**

54.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs as though fully set forth at length herein.

55.     That the medical examinations, diagnosis, treatment, care and services rendered by the defendant, UNITED STATES OF AMERICA, by and through its employees, agents and servants, AMY TOCCO, M.D., DAVID WALKER, M.D., and through its healthcare facility, HUDSON RIVER HEALTHCARE, INC., and each of them, their agents, servants and employees, to the plaintiff, JOHN LANGERT, were rendered in a negligent manner, not within acceptable and good medical practice or the standard of care.

56.     Defendant, UNITED STATES OF AMERICA, by and through their employee, agent and/or servant, AMY TOCCO, M.D., were negligent, careless and departed from accepted standards of medical practice, in failing to properly diagnose the condition that plaintiff, JOHN LANGERT, was then and there suffering from; in failing and omitting to use and employ the

10

skill, care and diligence commonly and ordinarily possessed by doctors in the community; in that she failed to properly examine, treat, care and advise regarding the condition from which the plaintiff was suffering; in failing to adequately monitor, control or manage plaintiff's diabetes mellitus; in making plaintiff more susceptible and at greater risk to develop infections, including Fournier gangrene and necrotizing fascitis; in ignoring the plaintiff's complaints, signs and symptoms; in failing to perform competent and thorough examinations; in failing to take an adequate history; in failing to recognize the significance of the plaintiff's medical history;  in failing to perform necessary tests and studies; in ignoring and misinterpreting signs and symptoms; in failing to appreciate the significance of plaintiff's diabetes mellitus and morbid obesity; in negligently causing delay in plaintiff's care and treatment; in negligently causing and contributing to the complications suffered by the plaintiff including pulmonary collapse, respiratory failure and septic shock; in negligently prolonging the recovery of the plaintiff; in ignoring and disregarding the findings of other physicians and health care providers regarding the plaintiff; in permitting the plaintiff's condition to worsen; in causing a significant delay in diagnosis and treatment of plaintiff; in failing to treat the plaintiff in a timely manner; in failing to order and/or perform tests in a timely manner; in negligently causing trauma to the plaintiff; in causing the plaintiff to require further and additional surgical procedures and treatment including a tracheostomy and a diverting colostomy with a subsequent colostomy reversal; in failing to competently interpret examination results, tests and studies; in failing to timely make an accurate diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to obtain necessary, further and appropriate consultations with specialists; in failing to refer the plaintiff for further and additional testing and studies; in prescribing contra-indicated medications and in failing to prescribe appropriate medications in proper dosages; in negligently causing additional and

11

aggravated pain, suffering, emotional distress and mental suffering; failing to order radiological studies, including x-rays, CT scan, MRIs or ultrasounds; in failing to order appropriate laboratory tests and studies; in failing to admit the plaintiff to a hospital; in failing to advise the plaintiff of the nature and risks of his condition and in causing and permitting the infection to spread and progress and become worse.

57.     That the negligence and malpractice of the defendant, UNITED STATES OF AMERICA, by and through its employee, agent and/or servant, AMY TOCCO, M.D., was a substantial factor and a proximate cause of the plaintiff's injuries.

58.     Defendant, UNITED STATES OF AMERICA, by and through its employee, agent and/or servant, DAVID WALKER, M.D., were negligent, careless and departed from accepted standards of medical practice, in failing to properly diagnose the condition that plaintiff was then and there suffering from; in failing and omitting to use and employ the skill, care and diligence commonly and ordinarily possessed by doctors in the community; in that he failed to properly examine, treat, care and advise regarding the condition from which the plaintiff was suffering; in ignoring the plaintiff's complaints, signs and symptoms; in failing to perform competent and thorough examinations; in failing to take an adequate history; in failing to recognize the significance of the plaintiff's medical history; in failing to perform necessary tests and studies; in ignoring and misinterpreting signs and symptoms; in failing to appreciate the significance of plaintiff's diabetes mellitus and morbid obesity; in negligently causing delay in plaintiff's care and treatment; in negligently causing and contributing to the complications suffered by the plaintiff including pulmonary collapse, respiratory failure and septic shock; in negligently prolonging the recovery of the plaintiff; in ignoring and disregarding the findings of other physicians and health care providers regarding the plaintiff; in permitting the plaintiff's

12

condition to worsen; in causing a significant delay in diagnosis and treatment of plaintiff; in failing to treat the plaintiff in a timely manner; in failing to order and/or perform tests in a timely manner; in negligently causing trauma to the plaintiff; in causing the plaintiff to require further and additional surgical procedures and treatment including a tracheostomy and a diverting colostomy with a subsequent colostomy reversal; in failing to competently interpret examination results, tests and studies; in failing to timely make an accurate diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to obtain necessary, further and appropriate consultations with specialists; in failing to refer the plaintiff for further and additional testing and studies; in prescribing contra-indicated medications and in failing to prescribe appropriate medications in proper dosages; in negligently causing additional and aggravated pain, suffering, emotional distress and mental suffering; failing to order radiological studies, including x-rays, CT scan, MRIs or ultrasounds; in failing to order appropriate laboratory tests and studies; in failing to admit the plaintiff to a hospital; in failing to advise the plaintiff about the nature and risks of his condition and in causing and permitting the infection to spread and progress and become worse.

59.    That the negligence and malpractice of the defendant, UNITED STATES OF AMERICA, by and through its employee, agent and/or servant, DAVID WALKER, M.D., was a substantial factor and a proximate cause of the plaintiff's injuries.

60.    Defendant, UNITED STATES OF AMERICA, by and through their healthcare facility, HUDSON RIVER HEALTHCARE, INC., were negligent, careless and departed from accepted standards of medical practice, in failing to properly diagnose the condition that plaintiff was then and there suffering from; in failing and omitting to use and employ the skill, care and diligence commonly and ordinarily possessed by physicians and specialists in family practice in the community; in that they failed to properly examine, treat, care and advise regarding the

13

condition from which the plaintiff was suffering; in ignoring the plaintiff's complaints, signs and

symptoms; in failing to perform competent and thorough examinations; in failing to take an

adequate history; in failing to recognize the significance of the plaintiff's medical history; in

failing to perform necessary tests and studies; in ignoring and misinterpreting signs and

symptoms; in failing to appreciate the significance of plaintiff's diabetes mellitus and morbid

obesity; in failing to appreciate the significance of plaintiff's laboratory test results; in

negligently causing delay in plaintiff's care and treatment; in negligently causing and

contributing to the complications suffered by the plaintiff including pulmonary collapse,

respiratory failure and septic shock; in negligently prolonging the recovery of the plaintiff; in

ignoring and disregarding the findings of other physicians and health care providers regarding

the plaintiff; in permitting the plaintiff's condition to worsen; in causing a significant delay in

diagnosis and treatment of plaintiff; in failing to treat the plaintiff in a timely manner; in failing

to order and/or perform tests in a timely manner; in negligently causing trauma to the plaintiff; in

causing the plaintiff to require further and additional surgical procedures and treatment including

a tracheostomy and a diverting colostomy with a subsequent colostomy reversal; in failing to

competently interpret examination results, tests and studies; in failing to timely make an accurate

diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to obtain necessary, further

and appropriate consultations with specialists; in failing to refer the plaintiff for further and

additional testing and studies; in prescribing contra-indicated medications and in failing to

prescribe appropriate medications in proper dosages; in negligently causing additional and

aggravated pain, suffering, emotional distress and mental suffering;  in rendering negligent care;

failing to order radiological studies, including x-rays, CT scan, MRIs or ultrasounds; in failing to

order appropriate laboratory tests and studies; in failing to admit the plaintiff to a hospital; in

14

failing to advise the plaintiff about the nature and risks of his condition and in causing and permitting the infection to spread and progress and become worse.

61.     That the negligence and malpractice of the defendant, UNITED STATES OF AMERICA, by and through its healthcare facility, HUDSON RIVER HEALTHCARE, INC., was a substantial factor and a proximate cause of the plaintiff's injuries.

62.     That the negligence and malpractice of the defendant UNITED STATES OF AMERICA, by and through its employees, agents and/or servants, AMY TOCCO, M.D., DAVID WALKER, M.D. and through its healthcare facility, HUDSON RIVER HEALTHCARE, INC., proximately caused the plaintiff, JOHN LANGERT, to suffer permanent personal injuries, disfigurement, pain, suffering, mental anguish, loss of the enjoyment of loss, incur past and future medical and hospital expenses, economic, pecuniary damages, impairment of future earning capacity and disruption of every day living activities.

63.     That the defendant, UNITED STATES OF AMERICA., is liable for the negligent acts and omissions of its staff, employees, servants and agents under the doctrine of *respondeat superior.*

64.     That by reason of the foregoing, plaintiff demands all damages allowed by law.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT VASSAR BROTHERS HOSPITAL

65.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs as though fully set forth at length herein.

66.     The defendant, VASSAR BROTHERS HOSPITAL, its agents, servants and employees, were negligent, careless and departed from accepted standards of medical practice on or about March 12, 2006, March 14, 2006 and from March 17, 2006 through April 11, 2006; in

15

failing to properly diagnose the condition that the plaintiff, JOHN LANGERT, was then and there suffering from; in failing and omitting to use and employ the skill, care and diligence commonly and ordinarily possessed by hospitals in the community; in failing to properly examine, treat, care and advise regarding the condition from which the plaintiff was suffering; in ignoring the plaintiff's complaints, signs and symptoms; in failing to perform competent and thorough examinations; in failing to take an adequate history; in failing to perform necessary tests and studies; in failing to admit the plaintiff to a hospital on or about March 12, 2006 and at other times thereafter; in negligently releasing the plaintiff to home on March 12, 2006; in failing to admit the plaintiff to the hospital on March 14, 2006 after an incision and drainage was performed; in ignoring and misinterpreting signs and symptoms; in failing to appreciate the significance of plaintiff's medical history; in negligently causing additional injuries; in negligently prolonging the plaintiff's healing; in ignoring and disregarding the findings of other physicians and health care providers regarding the plaintiff; in permitting the plaintiff's condition to worsen; in negligently causing and contributing to the complications suffered by the plaintiff, JOHN LANGERT, including pulmonary collapse, respiratory failure and septic shock; in causing a significant delay in diagnosis and treatment of plaintiff's condition; in failing to perform surgery in a timely manner; in allowing incomplete debridements to be performed; in negligently causing trauma to the plaintiff; in causing the plaintiff to require further and additional surgical procedures and treatment including a tracheostomy and a diverting colostomy with a subsequent colostomy reversal; in failing to competently interpret examination results, tests and studies; in failing to timely make an accurate diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to obtain necessary, further and appropriate consultations with specialists; in failing to refer the plaintiff for further and additional testing and studies; in

16

prescribing contra-indicated medications and in failing to prescribe appropriate medications in proper dosages; in negligently causing additional and aggravated pain, suffering, emotional distress and mental suffering; in rendering negligent treatment and care all contributing to the damage and injury of the plaintiff.

67.     That the negligence and malpractice of the defendant, VASSAR BROTHERS HOSPITAL, was a substantial factor and a proximate cause of plaintiff's serious personal injuries.

68.     That the defendant, VASSAR BROTHERS HOSPITAL, is liable for the negligent acts and omissions of its staff, employees, servants and agents under the doctrine of *respondeat superior*.

69.     That the negligence and malpractice of the defendant, VASSAR BROTHERS HOSPITAL, proximately caused the plaintiff, JOHN LANGERT, to suffer permanent personal injuries, disfigurement, pain, suffering, mental anguish, loss of the enjoyment of loss, incur past and future medical and hospital expenses, economic, pecuniary damages, impairment of future earning capacity and disruption of every day living activities.

70.     That by reason of the foregoing, plaintiff demands all damages allowed by law.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT FRANCINE HOPE BROOKS, M.D.

71.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs as though fully set forth at length herein.

72.     The defendant, FRANCINE HOPE BROOKS, M.D., her agents, servants and employees, were negligent, careless and departed from accepted standards of medical practice on or about March 12, 2006 and for a period of time thereafter; in failing to properly diagnose the

17

condition that the plaintiff, JOHN LANGERT, was then and there suffering from; in failing and

omitting to use and employ the skill, care and diligence commonly and ordinarily possessed by

physicians and specialists in emergency and internal medicine in the community; in that she

failed to properly examine, treat, care and advise regarding the condition from which the plaintiff

was suffering; in ignoring the plaintiff's complaints, signs and symptoms; in failing to perform

competent and thorough examinations; in failing to take an adequate history; in failing to

perform necessary tests and studies; in failing to admit the plaintiff to a hospital on or about

March 12, 2006 and at other times thereafter; in negligently releasing the plaintiff to home on

March 12, 2006; in ignoring and misinterpreting signs and symptoms; in failing to appreciate the

significance of plaintiff's medical history; in negligently rendering advise, directions and

consultations to medical personnel  at defendant, VASSAR BROTHERS HOSPITAL, and to the

plaintiff; in negligently causing additional injuries; in negligently prolonging the plaintiff's

healing; in ignoring and disregarding the findings of other physicians and health care providers

regarding the plaintiff; in permitting the plaintiff's condition to worsen; in negligently causing an

contributing to the complications suffered by the plaintiff, JOHN LANGERT, including

pulmonary collapse, respiratory failure and septic shock; in causing a significant delay in

diagnosis and treatment of plaintiff's condition; in failing to order appropriate consultations,

including surgical and infectious disease specialists; in negligently causing trauma to the

plaintiff; in causing the plaintiff to require further and additional surgical procedures and

treatment including a tracheostomy and a diverting colostomy with a subsequent colostomy

reversal; in failing to competently interpret examination results, tests and studies; in failing to

timely make an accurate diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to

refer the plaintiff for further and additional testing and studies; in prescribing contra-indicated

18

medications and in failing to prescribe appropriate medications in proper dosages; in negligently causing additional and aggravated pain, suffering, emotional distress and mental suffering; in rendering negligent treatment and care all contributing to the damage and injury of the plaintiff.

73.     That the negligence and malpractice of the defendant, FRANCINE HOPE BROOKS, M.D., was a substantial factor and a proximate cause of plaintiff's serious personal injuries.

74.     That the negligence and malpractice of the defendant, FRANCINE HOPE BROOKS, M.D., proximately caused the plaintiff, JOHN LANGERT, to suffer permanent personal injuries, disfigurement, pain, suffering, mental anguish, loss of the enjoyment of loss, incur past and future medical and hospital expenses, economic, pecuniary damages, impairment of future earning capacity and disruption of every day living activities.

75.     That by reason of the foregoing, plaintiff demands all damages allowed by law.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS "JOHN DOE" AND/OR "JANE DOE" A/K/A "SERVICE MD ON CALL", M.D.

76.     Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs as though fully set forth at length herein.

77.     The defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," M.D., his/her agents, servants and employees, were negligent, careless and departed from accepted standards of medical practice on or about March 12, 2006 and for a period of time thereafter; in failing to properly diagnose the condition that the plaintiff, JOHN LANGERT, was then and there suffering from; in failing and omitting to use and employ the skill, care and diligence commonly and ordinarily possessed by physicians and specialists in

19

emergency and internal medicine in the community; in that he/ she failed to properly examine, treat, care and advise while rendering services on March 12, 2006 as the "service MD, on call" at the defendant, VASSAR BROTHERS HOSPITAL, regarding the condition from which the plaintiff was suffering; ignoring the plaintiff's complaints, signs and symptoms; in failing to perform competent and thorough examinations; in failing to take an adequate history; in failing to perform necessary tests and studies; in failing to admit the plaintiff to a hospital on or about March 12, 2006 and at other times thereafter; in negligently releasing the plaintiff to home on March 12, 2006; in ignoring and misinterpreting signs and symptoms; in failing to appreciate the significance of plaintiff's medical history; in negligently rendering advise, directions and consultations to medical personnel  at defendant, VASSAR BROTHERS HOSPITAL, and to the plaintiff; in negligently causing additional injuries; in negligently prolonging the plaintiff's healing; in ignoring and disregarding the findings of other physicians and health care providers regarding the plaintiff; in permitting the plaintiff's condition to worsen; in negligently causing and contributing to the complications suffered by the plaintiff, JOHN LANGERT, including pulmonary collapse, respiratory failure and septic shock; in causing a significant delay in diagnosis and treatment of plaintiff's condition; in failing to order appropriate consultations, including surgical and infectious disease specialists; in negligently causing trauma to the plaintiff; in causing the plaintiff to require further and additional surgical procedures and treatment including a tracheostomy and a diverting colostomy with a subsequent colostomy reversal; in failing to competently interpret examination results, tests and studies; in failing to timely make an accurate diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to refer the plaintiff for further and additional testing and studies; in prescribing contra-indicated medications and in failing to prescribe appropriate medications in proper dosages; in negligently

causing additional and aggravated pain, suffering, emotional distress and mental suffering; in rendering negligent treatment and care all contributing to the damage and injury of the plaintiff.

78.    That the negligence and malpractice of the defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," M.D., was a substantial factor and a proximate cause of plaintiff's serious personal injuries.

79.    That the negligence and malpractice of the defendant, "JOHN DOE", M.D. and/or "JANE DOE", M.D., a/k/a "SERVICE MD, ON CALL," M.D., proximately caused the plaintiff, JOHN LANGERT, to suffer permanent personal injuries, disfigurement, pain, suffering, mental anguish, loss of the enjoyment of loss, incur past and future medical and hospital expenses, economic, pecuniary damages, impairment of future earning capacity and disruption of every day living activities.

80.    That by reason of the foregoing, plaintiff demands all damages allowed by law.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT JAYESH R. MODI, M.D. AND DUTCHESS SURGICAL ASSOCIATES, P.C.

81.    Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs as though fully set forth at length herein.

82.    Defendant, JAYESH R. MODI, M.D., his agents, servants and employees, were negligent and committed malpractice in failing to render medical and surgical diagnosis, treatment, care and surgery in accordance with good and accepted practice; in failing to exercise the degree of skill, care and diligence expected of physicians and specialists in general and vascular surgery in the community; in making a negligent pre-operative evaluation of the patient; providing negligent post-operative care and treatment; in failing to properly evaluate and treat

21

the plaintiff; in failing to take a proper and thorough history; in failing to properly assess

plaintiff's medical history; in failing to recognize the significance of plaintiff's medical history;

in negligently performing his duties as plaintiff's attending physician; in failing to render proper

and thorough physical examinations; in failing to perform necessary diagnostic tests, scans and

x-rays and in negligently interpreting such tests and scans; in delaying surgical intervention; in

failing to perform an incision and drainage in a timely manner; defendant performed surgery in a

negligent manner; in performing incomplete debridement; in performing surgical procedures in a

negligent manner which permitted the infections and sepsis to spread and progress causing

additional injuries to the plaintiff; in failing to admit plaintiff to a hospital; in providing negligent

post-operative care and treatment.

83.     That the negligence and malpractice of the defendant, JAYESH R. MODI, M.D.,

was a substantial factor and a proximate cause of the plaintiff's, JOHN LANGERT, injuries.

84.     Defendant, DUTCHESS SURGICAL ASSOCIATES, P.C., its agents, servants

and employees, were negligent, careless and departed from accepted standards of medical

practice, in failing to properly diagnose the condition that plaintiff, JOHN LANGERT, was then

and there suffering from; in failing and omitting to use and employ the skill, care and diligence

commonly and ordinarily possessed by physicians and specialists in general and vascular surgery

in the community; in that they failed to properly examine, treat, care and advise regarding the

condition from which the plaintiff was suffering; in ignoring the plaintiff's complaints, signs and

symptoms; in failing to perform competent and thorough examinations; in failing to take an

adequate history; in failing to recognize the significance of the plaintiff's medical history; in

failing to perform necessary tests and studies; in ignoring and misinterpreting signs and

symptoms; in failing to appreciate the significance of plaintiff's diabetes mellitus and morbid

22

obesity; in failing to appreciate the significance of plaintiff's laboratory test results; in negligently causing delay in plaintiff's care and treatment; in failing to perform surgery in a timely manner; in performing incomplete debridements; in negligently performing surgery; in negligently prolonging the recovery of the plaintiff; in ignoring and disregarding the findings of other physicians and health care providers regarding the plaintiff; in permitting the plaintiff's condition to worsen; in negligently causing and contributing to the complications suffered by the plaintiff, JOHN LANGERT, including pulmonary collapse, respiratory failure and septic shock; in causing a significant delay in diagnosis and treatment of plaintiff; in failing to treat the plaintiff in a timely manner; in failing to order and/or perform tests in a timely manner; in negligently causing trauma to the plaintiff; in causing the plaintiff to require further and additional surgical procedures and treatment including a tracheostomy and a diverting colostomy with a subsequent colostomy reversal; in failing to competently interpret examination results, tests and studies; in failing to timely make an accurate diagnosis, and in misdiagnosing the plaintiff's conditions; in failing to obtain necessary, further and appropriate consultations with specialists; in failing to refer the plaintiff for further and additional testing and studies; in prescribing contra-indicated medications and in failing to prescribe appropriate medications in proper dosages; in negligently causing additional and aggravated pain, suffering, emotional distress and mental suffering;  in rendering negligent care; failing to order radiological studies, including x-rays, CT scan, MRIs or ultrasounds; in failing to order appropriate laboratory tests and studies; in failing to admit the plaintiff to a hospital; in failing to advise the plaintiff about the nature and risks of his condition and in causing and permitting the infection to spread and progress and become worse.

85.    That the negligence and malpractice of the defendant, DUTCHESS SURGICAL ASSOCIATES, P.C., was a substantial factor and a proximate cause of the plaintiff's injuries.

86.    That the defendant DUTCHESS SURGICAL ASSOCIATES, P.C., is liable for the negligent acts and omissions of its staff, employees, servants and agents under the doctrine of *respondeat superior*.

87.    That the negligence and malpractice of the defendants, JAYESH R. MODI, M.D. and DUTCHESS ASSOCIATES, P.C., proximately caused the plaintiff, JOHN LANGERT, to suffer permanent personal injuries, disfigurement, pain, suffering, mental anguish, loss of the enjoyment of loss, incur past and future medical and hospital expenses, economic, pecuniary damages, impairment of future earning capacity and disruption of every day living activities.

88.    That by reason of the foregoing, plaintiff demands all damages allowed by law.

89.    Plaintiff repeats, reiterates and realleges all of the foregoing paragraphs and though fully set forth at length herein.

### TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

**WHEREFORE,** plaintiff demands judgment against the defendants in the amount in excess the jurisdictional limits of this Court, together with interest, costs and attorney's fees, and such other relief as the court deems just and proper.

Dated: New York, New York
      June 20, 2008

LAW FIRM OF JONATHAN C. REITER

JONATHAN C. REITER (JR 7522)
Attorneys for Plaintiff
350 Fifth Avenue, Suite 2811
New York, New York 10118
(212) 736-0979

24