UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN LANGERT,

           Plaintiff,

-against-                            Case No.: 08 CV 4405 (DLC) (DF)

UNITED STATES OF AMERICA d/b/a
HUDSON RIVER HEALTHCARE, INC., a/k/a
COMMUNITY HEALTH, AMY TOCCO, M.D.
DAVID WALKER, M.D., VASSAR BROTHERS
HOSPITAL, FRANCINE HOPE BROOKS, M.D.,
"JOHN DOE", M.D. and/or "JANE DOE", M.D.,
a/k/a "SERVICE MD, ON CALL", JAYESH R.
MODI, M.D., and DUTCHESS SURGICAL
ASSOCIATES, P.C.,

           Defendants.

---

### Statement Pursuant to F.R.C.P. 7.1

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for defendant, Vassar Brothers Hospital, certifies that the following are corporate parents, affiliates and/or subsidiaries of said party: Vassar Brothers Hospital is a subsidiary of Healthquest.

Dated: July 11, 2008
       Albany, New York

                                      Yours, etc.,

                                      PHELAN, PHELAN & DANEK, LLP

                                      By: _____
                                           Timothy S. Brennan
                                           Bar Roll #: TB9890
                                           *Attorneys for Defendant,*
                                           *Vassar Brothers Hospital*
                                           302 Washington Avenue Extension
                                           Albany, NY 12203
                                           (518) 640-6900

{A0090500.1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN LANGERT,

           Plaintiff,

-against-                          Case No.: 08 CV 4405 (DLC) (DF)

UNITED STATES OF AMERICA d/b/a
HUDSON RIVER HEALTHCARE, INC., a/k/a
COMMUNITY HEALTH, AMY TOCCO, M.D.
DAVID WALKER, M.D., VASSAR BROTHERS
HOSPITAL, FRANCINE HOPE BROOKS, M.D.,
"JOHN DOE", M.D. and/or "JANE DOE", M.D.,
a/k/a "SERVICE MD, ON CALL", JAYESH R.
MODI, M.D., and DUTCHESS SURGICAL
ASSOCIATES, P.C.,

           Defendants.

---

## ANSWER WITH DEMAND FOR TRIAL BY JURY

As and for an Answer to plaintiff's Amended Complaint dated June 20, 2008, the defendant, Vassar Brothers Hospital, by and through its counsel, Phelan, Phelan & Danek, LLP, states the following upon information and belief:

1.     Answering defendant denies the allegations contained in paragraph **1** of plaintiff's Amended Complaint except it refers questions of law to the Court.

2.     Answering defendant denies the allegations contained in paragraph **2** of plaintiff's Amended Complaint except it refers questions of law to the Court.

3.     Answering defendant denies the allegations contained in paragraph **3** of plaintiff's Amended Complaint except it refers questions of law to the Court.

4. Answering defendant denies the allegations contained in paragraph **4** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

5. Answering defendant denies the allegations contained in paragraph **5** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

6. Answering defendant denies the allegations contained in paragraph **6** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

7. Answering defendant denies the allegations contained in paragraph **7** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

8. Answering defendant denies the allegations contained in paragraph **8** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

9. Answering defendant denies the allegations contained in paragraph **9** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

10. Answering defendant denies the allegations contained in paragraph **10** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

11. Answering defendant denies the allegations contained in paragraph **11** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

12. Answering defendant denies the allegations contained in paragraph **12** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

13. Answering defendant denies the allegations contained in paragraph **13** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

14. Answering defendant denies the allegations contained in paragraph **14** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

15. Answering defendant denies the allegations contained in paragraph **15** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

16. Answering defendant denies the allegations contained in paragraph **16** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

17. Answering defendant denies the allegations contained in paragraph **17** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

18. Answering defendant denies the allegations contained in paragraph **18** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

19. Answering defendant admits the allegations contained in paragraph **19** of plaintiff's Amended Complaint.

20. Answering defendant denies the allegations contained in paragraph **20** of plaintiff's Amended Complaint.

21. Answering defendant denies the allegations contained in paragraph **21** of plaintiff's Amended Complaint, except to admit that answering defendant held itself out as a hospital facility providing care to its patients consistent with the applicable standard of care.

22. Answering defendant denies the allegations contained in paragraph **22** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, except to admit that defendant Brooks is a physician licensed to practice medicine in New York.

23. Answering defendant denies the allegations contained in paragraph **23** of plaintiff's Amended Complaint.

24. Answering defendant denies the allegations contained in paragraph **24** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

25. Answering defendant denies the allegations contained in paragraph **25** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, except it refers question of law to the Court.

26. Answering defendant denies the allegations contained in paragraph **26** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

27. Answering defendant denies the allegations contained in paragraph **27** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

28. Answering defendant denies the allegations contained in paragraph **28** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

29. Answering defendant denies the allegations contained in paragraph **29** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

30. Answering defendant denies the allegations contained in paragraph **30** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, except it refers question of law to the Court.

31. Answering defendant denies the allegations contains in paragraph **31** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

32. Answering defendant denies the allegations contained in paragraph **32** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

33. Answering defendant denies the allegations contained in paragraph **33** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

34. Answering defendant denies the allegations contained in paragraph **34** of plaintiff's Amended Complaint.

35. Answering defendant denies the allegations contained in paragraph **35** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

36. Answering defendant denies the allegations contained in paragraph **36** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

37. Answering defendant denies the allegations contained in paragraph **37** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

38. Answering defendant denies the allegations contained in paragraph **38** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

39. Answering defendant denies the allegations contained in paragraph **39** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

40. Answering defendant denies the allegations contained in paragraph **40** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

41.  Answering defendant denies the allegations contained in paragraph **41** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

42.  Answering defendant denies the allegations contained in paragraph **42** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, except to admit that plaintiff was a patient in the emergency department of answering defendant on March 12, 2006 and refers to the medical records for details thereof.

43.  Answering defendant denies the allegations contained in paragraph **43** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, and refers to medical records for the details surrounding said visit.

44.  Answering defendant denies the allegations contained in paragraph **44** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, and refers to medical records.

45.  Answering defendant denies the allegations contained in paragraph **45** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

46.  Answering defendant denies the allegations contained in paragraph **46** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, except to admit that plaintiff was a patient at answering defendant on March 14, 2006 and refers to medical records for details.

47. Answering defendant denies the allegations contained in paragraph **47** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, and refers to medical records.

48. Answering defendant denies the allegations contained in paragraph **48** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, and refers to medical records.

49. Answering defendant denies the allegations contained in paragraph **49** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, except to admit that plaintiff was a patient at answering defendant on March 17, 206 and refers to medical records for details.

50. Answering defendant denies the allegations contained in paragraph **50** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, except to admit that plaintiff was admitted to answering defendant on March 17, 2006 and refers to medical records for details.

51. Answering defendant denies the allegations contained in paragraph **51** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, and refers to medical records.

52. Answering defendant denies the allegations contained in paragraph **52** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, and refers to medical records.

53. Answering defendant denies the allegations contained in paragraph **53** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a

belief as to the truth thereof, except to admit that some of the individuals providing care were supplied by answering defendant.

54. In response to paragraph 54 of plaintiff's Amended Complaint, answering defendant repeats and realleges as if full set forth herein paragraphs 1 through 53 of this Answer.

55. Answering defendant denies the allegations contained in paragraph 55 of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

56. Answering defendant denies the allegations contained in paragraph 56 of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

57. Answering defendant denies the allegations contained in paragraph 57 of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

58. Answering defendant denies the allegations contained in paragraph 58 of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

59. Answering defendant denies the allegations contained in paragraph 59 of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof, except it refers question of law to the Court.

60. Answering defendant denies the allegations contained in paragraph 60 of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

61. Answering defendant denies the allegations contained in paragraph **61** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

62. Answering defendant denies the allegations contained in paragraph **62** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

63. Answering defendant denies the allegations contained in paragraph **63** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

64. Answering defendant denies the allegations contained in paragraph **64** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

65. In response to paragraph **65** of plaintiff's Amended Complaint, answering defendant repeats and realleges as if fully set forth herein paragraphs 1 through 64 of this Answer.

66. Answering defendant denies the allegations contained in paragraph **66** of plaintiff's Amended Complaint.

67. Answering defendant denies the allegations contained in paragraph **67** of plaintiff's Amended Complaint.

68. Answering defendant denies the allegations contained in paragraph **68** of the Amended Complaint and refers questions of law to the Court.

69. Answering defendant denies the allegations contained in paragraph **69** of plaintiff's Amended Complaint.

70. Answering defendant denies the allegations contained in paragraph **70** of plaintiff's Amended Complaint.

71. In response to paragraph **71** of plaintiff's Amended Complaint, answering defendant repeats and realleges as if fully set forth herein paragraphs 1 through 70 of this Answer.

72. Answering defendant denies the allegations contained in paragraph **72** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

73. Answering defendant denies the allegations contained in paragraph **73** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

74. Answering defendant denies the allegations contained in paragraph **74** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

75. Answering defendant denies the allegations contained in paragraph **75** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

76. In response to paragraph **76** of plaintiff's Amended Complaint, answering defendant repeats and realleges as if fully set forth herein paragraphs 1 through 75 of this Answer.

77. Answering defendant denies the allegations contained in paragraph **77** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

78. Answering defendant denies the allegations contained in paragraph **78** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

79. Answering defendant denies the allegations contained in paragraph **79** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

80. Answering defendant denies the allegations contained in paragraph **80** of plaintiff's Amended Complaint.

81. In response to paragraph **81** of plaintiff's Amended Complaint, answering defendant repeats and realleges as if fully set forth herein paragraph 1 through 80 of this Answer.

82. Answering defendant denies the allegations contained in paragraph **82** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

83. Answering defendant denies the allegations contained in paragraph **83** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

84. Answering defendant denies the allegations contained in paragraph **84** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

85. Answering defendant denies the allegations contained in paragraph **85** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

86. Answering defendant denies the allegations contained in paragraph **86** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

87. Answering defendant denies the allegations contained in paragraph **87** of plaintiff's Amended Complaint for want of knowledge and information sufficient to form a belief as to the truth thereof.

88. Answering defendant denies the allegations contained in paragraph **88** of plaintiff's Amended Complaint.

89. Answering defendant denies the allegations contained in paragraph **89** of plaintiff's Amended Complaint.

### DEMAND FOR JURY TRIAL

90. Answering defendant hereby demands trial by jury.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

91. Whatever injuries plaintiff may have sustained were caused in whole or in part, or were contributed to, by the negligence, culpable conduct, assumption of the risk, and/or want of care on the part of the plaintiff or by someone over whom the answering defendant had no control, and without any fault or negligence on the part of the answering defendant contributing thereto.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

92. By reason of the foregoing, the amount of damages otherwise recoverable by the plaintiff against the answering defendant, if any, must be diminished in proportion to such culpable conduct attributable to the plaintiff or such other parties in accordance with the provisions of CPLR Article 14-A.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

93. By reason thereof, the liability of answer defendant to the plaintiff for non-economic loss shall not exceed answering defendant's equitable share of liability, if any, pursuant to the provisions of CPLR Article 16, determined in accordance with the relative culpability for each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

94. Upon information and belief, plaintiff's economic loss, if any, as specified in CPLR 4545 was replaced or indemnified, in whole or in part, from collateral sources, and the answering defendant is entitled to have the Court consider the same in determining such damages as provided in CPLR 4545.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

95. In the event of settlement by any of the co-defendants or any other joint tortfeasor, answering defendant is entitled to the full benefit of General Obligations Law Section 15-108 such that the claim by plaintiff shall be reduced to the extent of any amount stipulated by the release or the covenant, or in the amount of consideration actually paid for it, or in the amount of the released tortfeasors equitable share of the damages under CPLR Article 16, whichever is greatest per General Obligations Law Section 15-108.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

96. The Court lacks subject matter jurisdiction.

WHEREFORE, the answering defendant demands judgment dismissing the Amended Complaint of the plaintiff herein with costs and disbursements of this action, with such other and further relief as the Court may deem just and proper.

Dated: July 11, 2008
      Albany, New York

Yours, etc.,

PHELAN, PHELAN & DANEK, LLP

By: _____
Timothy S. Brennan
Bar Roll #: TB9890
*Attorneys for Defendant,*
*Vassar Brothers Hospital*
302 Washington Avenue Extension
Albany, NY   12203
(518) 640-6900

TO:    Jonathan C. Reiter, Esq.
LAW FIRM OF JONATHAN C. REITER
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 2811
New York, NY   10118

cc:    MICHAEL J. GARCIA, Esq.
U.S. Attorney for the Southern District
*Attorneys for Defendants,*
*United States of America d/b/a*
*Hudson River Healthcare Inc. d/k/a*
*Community Health,*
*David Walker, M.D. and*
*Amy Tocco, M.D.*
86 Chambers Street
New York, NY   10007

OFFICE OF THE ATTORNEY GENERAL
*Attorneys for Defendant,*
*United States of America*
441 4th Street NW, Suite 1060 N
Washington, DC   20001

FELDMAN, KLEIDMAN & COFFEY, LLP
*Attorneys for Defendants,*
*Francine Hope Brooks, M.D. and*
*Dutchess Surgical Associates, P.C.*
995 Main Street, P.O. Box A
Fishkill, NY  12524

STEINERG, SYMER & PLATT, LLP
*Attorneys for Defendant*
*Jayesh R. Modi, M.D.*
27 Garden Street
Poughkeepsie, NY  12601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN LANGERT,

                      Plaintiff,

    -against-

UNITED STATES OF AMERICA d/b/a
HUDSON RIVER HEALTHCARE, INC., a/k/a
COMMUNITY HEALTH, AMY TOCCO, M.D.
DAVID WALKER, M.D., VASSAR BROTHERS
HOSPITAL, FRANCINE HOPE BROOKS, M.D.,
"JOHN DOE", M.D. and/or "JANE DOE", M.D.,
a/k/a "SERVICE MD, ON CALL", JAYESH R.
MODI, M.D., and DUTCHESS SURGICAL
ASSOCIATES, P.C.,

                      Defendants.

Case No.: 08 CV 4405 (DLC) (DF)

---

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF ALBANY     )

    Louise L. Warner, being duly sworn, deposes and says: that she is not a party to this action, that she is over the age of 18 years, and that she served a copy of the within **Answer with Demand for Jury Trial and Statement Pursuant to F.R.C.P. 7.1** upon the following attorneys and/or individuals on the following date and at the following places in the following manner: On July 11, 2008:

TO:    Jonathan C. Reiter, Esq.
         350 Fifth Avenue, Suite 2811
         New York, NY 10118

         Michael Garcia, Esq.
         U.S. Attorney for the Southern District
         86 Chambers Street
         New York, NY 10007

via electronic transmission/notification by the United States District Court, Southern District of New York contemporaneously when the above-referenced documents were electronically filed by our office with said court on July 11, 2008;

{A0090493.1 }

AND

TO:  OFFICE OF THE ATTORNEY GENERAL
441 4th Street NW, Suite 1060 N
Washington, DC  20001

FELDMAN, KLEIDMAN & COFFEY, LLP
995 Main Street, P.O. Box A
Fishkill, NY  12524

STEINERG, SYMER & PLATT, LLP
27 Garden Street
Poughkeepsie, NY  12601

by depositing a true and correct copy of same in a post-paid wrapper in the Official Depository maintained and exclusively controlled by the United States at Albany, New York directed to said individuals, respectively, at said addresses, respectively mentioned above, that being the addresses within the state designated for that purpose upon the last papers served in this action or the place where the above then resided or kept offices, according to the best information which can be conveniently obtained

_____
Louise L. Warner

Sworn to before me this
11th day of July, 2008.

_____
Notary Public-State of New York

KIMBERLY A. LABRECQUE
Notary Public, State of New York
Qualified in Saratoga County
No. 01LA6143292
Commission Expires April 03, 20 10

{A0090493.1 }