MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    EMILY E. DAUGHTRY
Special Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone No. (212) 637-1579
Facsimile Nos. (212) 637-2717
E-mail: emily.daughtry@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOHN LANGERT,

               Plaintiff,

               v.

UNITED STATES OF AMERICA d/b/a
HUDSON RIVER HEALTHCARE, INC., a/k/a
COMMUNITY HEALTH, AMY TOCCO, M.D.,
DAVID WALKER, M.D., VASSAR
BROTHERS HOSPITAL, FRANCINE HOPE
BROOKS, M.D., "JOHN DOE", M.D. and/or
"JANE DOE", M.D., a/k/a "SERVICE MD, ON
CALL", JAYESH R. MODI, M.D., and
DUTCHESS SURGICAL ASSOCIATES, P.C.

               Defendants.
------------------------------------------------------------ x

**ECF CASE**

ANSWER

08 Civ 4405  (DLC)(DF)

        Defendant United States of America (the "United States" or "defendant"), by its

attorney, Michael J. Garcia, United States Attorney for the Southern District of New York,

answers the Amended Complaint of plaintiff John Langert ("plaintiff") as follows:[1]

---

       [1]      Plaintiff submitted a signed stipulation dismissing with prejudice all claims against federal defendants Amy Tocco, M.D., David Walker, M.D., and Hudson River Healthcare, Inc., which was so ordered by the Court on June 3, 2008, and is barred from naming these defendants in the Amended Complaint. Plaintiff's counsel has represented that plaintiff intends to file a Notice of Voluntary Dismissal, with prejudice, of all claims in the Amended

1. Paragraph 1 of the complaint contains conclusions of law to which no response is required.

2. Denies the allegations in paragraph 2 of the complaint, except avers that plaintiff filed an administrative Claim for Damage, Injury or Death, which was received by the United States Department of Health and Human Services on December 4, 2007, and further avers that the United States has not settled this administrative claim.

3. Paragraph 3 of the complaint contains conclusions of law to which no response is required.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the complaint.

5. Denies the allegations in paragraph 5 of the complaint, except admits that Hudson River HealthCare, Inc. ("Hudson River") is a Federally Supported Health Center under the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C. § 233(g)-(n).

6. Denies the allegations in paragraph 6 of the complaint.

7. Denies the allegations in paragraph 7 of the complaint.

8. Admits the allegations in paragraph 8 of the complaint, except denies that Hudson is a proper defendant in this action.

9. Admits the allegations in paragraph 9, except denies that Amy Tocco, M.D. ("Dr. Tocco") is a proper defendant in this action.

---

Complaint against Hudson RiverHealthCare, Inc., Amy Tocco, M.D., David Walker, M.D., but has not yet done so. This office is not authorized to represent these three defendants in their individual capacities, but in any event they have not been individually served so their time to answer has not yet begun to run.

10. Admits the allegations in paragraph 10 of the complaint, except denies that Dr. Tocco is a proper defendant in this action.

11. Admits the allegations in paragraph 11 of the complaint, except denies that Dr. Tocco is a proper defendant in this action.

12. Denies the allegations in paragraph 12 of the complaint, except admits that Dr. Tocco was acting within the scope of her federal employment at the time she rendered medical care to plaintiff.

13. Denies the allegations in paragraph 13 of the complaint, except admits that Dr. Tocco was acting within the scope of her federal employment at all times relevant to the Amended Complaint.

14. Admits the allegations in paragraph 14 of the complaint, except denies that David Walker, M.D. ("Dr. Walker") is a proper defendant in this action.

15. Admits the allegations in paragraph 15 of the complaint, except denies that Dr. Walker is a proper defendant in this action.

16. Admits the allegations in paragraph 16 of the complaint, except denies that Dr. Walker is a proper defendant in this action.

17. Denies the allegations in paragraph 17 of the complaint, except admits that Dr. Walker was acting within the scope of his federal employment at the time he rendered medical care to plaintiff.

18. Denies the allegations in paragraph 18 of the complaint, except admits that Dr. Walker was acting within the scope of his federal employment at all times relevant to the Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the complaint.

38. Admits the allegations in the first sentence of paragraph 38 of the complaint. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 38 of the complaint.

39. Admits the allegations in paragraph 39 of the complaint, except denies that Hudson River is a proper defendant in this action.

40. Admits the allegations in paragraph 40 of the complaint, except denies that Dr. Walker is a proper defendant in this action.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the complaint.

54. Repeats and realleges defendant's responses to the allegations in paragraphs 1 through 53 of the complaint as though fully set forth in this paragraph.

55. Denies the allegations in paragraph 55 of the complaint.

56. Denies the allegations in paragraph 56 of the complaint.

57. Denies the allegations in paragraph 57 of the complaint.

58. Denies the allegations in paragraph 58 of the complaint.

59. Denies the allegations in paragraph 59 of the complaint.

60. Denies the allegations in paragraph 60 of the complaint.

61. Denies the allegations in paragraph 61 of the complaint.

62. Denies the allegations in paragraph 62 of the complaint.

63. Paragraph 63 contains conclusions of law to which no response is required; to the extent a response is required, denies the allegations in paragraph 63 of the complaint.

64. Paragraph 64 of the complaint contains plaintiff's request for relief, to which no response is required. To the extent that a response is required, denies that plaintiff is entitled to any relief from the United States.

65. Repeats and realleges defendant's responses to the allegations in paragraphs 1 through 64 of the complaint as though fully set forth in this paragraph.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the complaint.

70. Paragraph 70 of the complaint contains plaintiff's request for relief, to which no response is required. To the extent that a response is required, denies that plaintiff is entitled to any relief from the United States.

71. Repeats and realleges defendant's responses to the allegations in paragraphs 1 through 70 of the complaint as though fully set forth in this paragraph.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the complaint.

75. Paragraph 75 of the complaint contains plaintiff's request for relief, to which no response is required. To the extent that a response is required, denies that plaintiff is entitled to any relief from the United States.

76. Repeats and realleges defendant's responses to the allegations in paragraphs 1 through 75 of the complaint as though fully set forth in this paragraph.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the complaint.

80. Paragraph 80 of the complaint contains plaintiff's request for relief, to which no response is required. To the extent that a response is required, denies that plaintiff is entitled to any relief from the United States.

81. Repeats and realleges defendant's responses to the allegations in paragraphs 1 through 80 of the complaint as though fully set forth in this paragraph.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the complaint.

83. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the complaint.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the complaint.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the complaint.

88. Paragraph 80 of the complaint contains plaintiff's request for relief, to which no response is required. To the extent that a response is required, denies that plaintiff is entitled to any relief from the United States.

89. Repeats and realleges defendant's responses to the allegations in paragraphs 1 through 88 of the complaint as though fully set forth in this paragraph.

The unnumbered paragraphs following paragraph 89 of the complaint state plaintiff's request for relief, to which no response is required. To the extent a response is required, denies that plaintiffs are entitled to the requested relief, or to any relief whatsoever.

FIRST DEFENSE

90. Plaintiff is barred from bringing any claims against Hudson River HealthCare, Inc., Amy Tocco, M.D., and David Walker, M.D., by the "Stipulation and Order of Substitution of the United States as Defendant for Amy Tocco, M.D., David Walker, M.D., and Hudson River HealthCare, Inc. and Dismissal of the Action as Against the United States," which dismissed plaintiff's claims against these individuals with prejudice, and which was so ordered by the Court on June 3, 2008. See Stipulation and Order of Substitution of the United States as

Defendant for Amy Tocco, M.D., David Walker, M.D., and Hudson River HealthCare, Inc. and Dismissal of the Action as Against the United States, Docket No. 9.

### SECOND DEFENSE

91.     Hudson River HealthCare, Inc., Amy Tocco, M.D., and David Walker, M.D., are immune from suit for acts or omissions occurring within the scope of their federal employment.  See 28 U.S.C.  §  2679(b)(1); 42 U.S.C. § 233(g).

### THIRD DEFENSE

92.     The United States is the only proper defendant in an action brought under the Federal Tort Claims Act.  See 28 U.S.C. § 2679(b)(1).

### FOURTH DEFENSE

93.      Any injuries sustained by the decedent were sustained without any negligence or fault or want of due care by the United States.

### FIFTH DEFENSE

94.     The injuries or damages, or both, alleged in the complaint were not proximately caused by any negligent act or omission of the United States or any employee or agent of the United States acting within the scope and course of employment.

### SIXTH DEFENSE

95.     The injuries and damages alleged in the complaint were caused in whole or in part by the culpable conduct of others, known or unknown, over whom the United States exercised no control, and any recovery must be proportionately reduced.

SEVENTH DEFENSE

96. Plaintiff's recovery in this action, if any, is limited to the amount stated in his administrative claim. 28 U.S.C. § 2675(b).

EIGHTH DEFENSE

97. Recovery, if any, is limited by New York's statute on the liability of persons jointly liable. N.Y. C.P.L.R. 1601(1).

NINTH DEFENSE

98. Recovery, if any, must be reduced pursuant to the collateral source statute. N.Y. C.P.L.R. 4545(c).

TENTH DEFENSE

99. In the event the United States is found to be negligent, which negligence the United States denies, to the extent that any negligence or other culpable conduct of the plaintiff contributed to causing any injuries, any recovery must be proportionately reduced. See N.Y. C.P.L.R. 1411.

ELEVENTH DEFENSE

100. The provisions of N.Y. Pub. Health Law § 2805-d(4) provide the United States a defense with respect to the cause of action based on informed consent.

TWELFTH DEFENSE

101. Plaintiff is not entitled to a jury trial with respect to his claims against the United States. 28 U.S.C. § 2402.

THIRTEENTH DEFENSE

   102. The United States is not liable for interest prior to judgment or for punitive damages.  28 U.S.C. § 2674.

FOURTEENTH DEFENSE

   103. Plaintiffs may not recover costs in excess of those permitted by 28 U.S.C. § 2412, and to the extent attorney's fees are paid out of the judgment, they may only be paid in accordance with 28 U.S.C. § 2678.

FIFTEENTH DEFENSE

   104. This action is subject to, and limited by, all of the provisions of the Federal Tort Claims Act, including any not specifically identified in this Answer.  28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-80.

WHEREFORE, the United States demands judgment dismissing the complaint and granting such other and further relief as this Court deems just and proper, including costs and disbursements.

Dated:      New York, New York
            August 25, 2008

          MICHAEL J. GARCIA
          United States Attorney for the
          Southern District of New York,
          Attorney for the United States of America


By:    /s/   Emily E. Daughtry
   EMILY E. DAUGHTRY
   Special Assistant United States Attorney
   86 Chambers Street, Third Floor
   New York, New York 10007
   Telephone Nos. (212) 637-1579
   Facsimile Nos. (212) 637-2717
   E-mail: emily.daughtry@usdoj.gov


TO:  LAW FIRM OF JONATHAN C. REITER
    350 Fifth Avenue, Suite 2811
    New York, New York 10118
    *ATTORNEY FOR PLAINTIFF*

    FELDMAN, KLEIDMAN & COFFEY, LLP
    995 Main Street, P.O. Box A
    Fishkill, New York 12524
    *ATTORNEY FOR FRANCINE HOPE BROOKS, M.D. AND DUTCHESS SURGICAL ASSOCIATES, P.C.*

    PHELAN, PHELAN & DANEK
    302 Washington Avenue Extension
    Albany, New York 12203
    *ATTORNEY FOR VASSAR BROTHERS HOSPITAL*

STEINBERG, SYMER & PLATT, LLC
27 Garden Street
Poughkeepsie, New York 12601
*ATTORNEY FOR JAYESH R. MODI, M.D.*